# Rohn *versus* Dennis.

1. A. agreed upon a Saturday to buy two horses from B. provided they were as recommended by B. and would suit A. for farming purposes. A. took the horses and paid B. $155 in cash, and a colt, which A. was to keep for B. until the following Wednesday. B. sent for the colt on the following Thursday and A. refused to give it up, and on the following day notified B. that the horses did not suit him and that he should come and take them away. B. then brought replevin for the colt.

*Held,* that it was properly left to the jury to determine from the facts whether there was an executed contract of sale with an agreement that B. could repurchase or whether the sale was conditional upon the horses proving to be as represented and suitable for A.

[Rohn v. Dennis.]

2. When no time is stipulated, within which a conditional purchaser of chattels is to determine whether they suit him, he has the right to take the time and use the means necessary to determine whether they do suit him and are as recommended. In this case held that six days was a reasonable time.

3. It was not necessary for the purchaser to return the horses in this case; notice, given within a reasonable time, that the horses did not come up to representations, and that vendor should take them away, is all that is necessary.

March 11th, 1885. Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Clark, JJ. Green, J., absent.

Error to the Court of Common Pleas of *Northampton county*: Of January Term 1885, No. 69.

Replevin, by Jacob P. Rohn against Andrew Dennis, to recover the possession of a colt which Rohn alleged belonged to him at the time he issued the writ, and was at that time in the unlawful possession of Dennis. Plea, "property."

The facts of the case are fully recited in the opinion of this court.

Verdict for the defendant and judgment thereon. Plaintiff took this writ, assigning for error the rulings of the court, as substantially set forth in the opinion of the Supreme Court.

*Henry W. Scott*, for plaintiff in error.

*B. F. Fackenthall*, for defendant in error.

Mr. Justice Trunkey delivered the opinion of the court, April 20th, 1885.

On Saturday June 4th, 1881, Dennis gave a colt and $155 to Rohn for two horses, and promised to keep the colt until the next Wednesday. At the time of making their contract the horses were lame, and Rohn, who was a veterinary surgeon, represented that the lameness was caused by corns, and that the horses were sound except corns. Dennis wanted them to work on his farm and Rohn recommended them to be good for that use. Rohn sent for the colt on Wednesday, but Dennis refused to let it go because he was dissatisfied with the horses. He sent again on the 14th of June, with like result. Each person he sent reported to him that "Dennis refused to give up the colt, and that he was not satisfied with the horses." On June 17th, he went himself to Dennis' premises, and Dennis refused to give him the colt, and he refused to take the horses. Thus far the parties agree.

It is established by the verdict that one of the terms of the contract was that if the horses were not as represented by

[Rohn *v.* Dennis.]

Rohn, and consequently, would not suit Dennis, the latter could give up the horses and receive back the colt and the money he paid. Also, that the horses were not as recommended, and that Dennis exercised his right so far as in his power, under said provision. The jury were warranted in so finding. A number of witnesses testify to the recommendation or representation, to the agreement of Rohn to take the horses back at the same price, or for what he sold them; that they were diseased and unfit for working on a farm, that they were not as recommended, and that Dennis gave notice to Rohn of his dissatisfaction and that the horses would not suit him, within a reasonable time. The plaintiff contends that he neither made such agreement nor recommendation; and that the testimony on the part of the defendant, if believed, shows a fully executed contract for the sale of the horses, with agreement by Rohn to purchase them at the same price as sold. It was fairly submitted to the jury to find whether there was a stipulation relative to this point, and if so, what it was, with instruction that if it was merely a right of Dennis to sell and an obligation of Rohn to buy, that the plaintiff could recover in this action. If the jury believed the testimony on the part of the defendent, it is not surprising that they found that Rohn contracted that if the horses should prove diseased and worthless for use on the farm, he would take them back and return the colt and money. Dr. Rohn, possibly, understood these words to mean an agreement, in a certain event, for future sale by Dennis and purchase by himself, but Dennis, and most farmers, and a jury would be likely to understand the words, in the circumstances, to mean that there was no absolute sale of the horses to Dennis, unless they were as represented. It was for the jury to determine what was the agreement from the words and acts of the parties.

No time was stipulated within which Dennis was to say whether the horses suited him. The court charged that Dennis had the right to take time and use means necessary to ascertain what was the matter with the horses, whether they had corns, and whether they had other ailments; and if on the following Friday after the making of the contract, he gave notice to Rohn that the horses did not come up to the recommendations he had made, and that he should come and get them and return the money, it was within a reasonable time. There was no error in that.

Nor was there error in the affirmance of the defendants fourth point, namely: " In order to work a rescission of this contract of the sale and exchange of the horses, it is not necessary that the defendant should return the horses which he had and tender them to the plaintiff, but notice given in a

[Nassauer v. Ins. Co.]

reasonable time to the plaintiff that the horses were not as represented and did not suit the defendant and that plaintiff should take them away is sufficient." The contract was made on the premises of Dennis, the horses left there, and the colt was still in his possession: and Rohn was to get either the colt or horses at that place. Hence it was unnecessary to make a tender elsewhere. It may not have been accurate to speak of a rescission of the contract, but it could not have diverted the minds of the jury from the point for them to determine. This is not the case of rescission by a party for fraud perpetrated on him in the making of a contract; nor because of the failure of a party to perform in the time and manner stipulated; but the exercise of a right under the terms of the contract. If Rohn's representations were untrue, and the horses unfit for work on a farm, that fact entitled Dennis, within a reasonable time, to say he would not keep the horses, and the colt being in his possession he could keep it. It is immaterial whether Dr. Rohn knew that his representation was untrue. He may have made it in good faith, and probably did, as he agreed that Dennis should have opportunity to ascertain its truth before his purchase would be absolute.

Judgment affirmed.