# Schaefer *v.* Lange, Appellant.

*Affidavit of defense—Contract—Book entries—Case for jury.*

In an action of assumpsit for an amount named on an account containing lumping charges for a large number of items of furniture, an affidavit of defense is sufficient which specifically denies the purchase of the goods to the amount named, or any part thereof, on open book account as averred by plaintiff, and specifically avers that the contract was to furnish certain rooms for a sum stated which was less than the sum set forth in the statement of claim, and further avers that the plaintiff failed to comply with his contract in a material and substantial

618          SCHAEFER *v.* LANGE, Appellant.

manner, that the goods delivered were not in accordance with the con-
tract, and that the defendant refused to accept the same and notified
the plaintiff to remove them from the house.

Argued Oct. 23, 1908.   Appeal, No. 150, Oct. T., 1908, by
defendant, from order of C. P. No. 5, Phila. Co., Dec. T., 1907,
No. 1,253, making absolute rule for judgment for want of a
sufficient affidavit of defense in case of Louis Schaefer v.
Mary Lange.   Before RICE, P. J., PORTER, HENDERSON,
MORRISON, HEAD and BEAVER, JJ.   Reversed.

Assumpsit for goods sold and delivered.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment
for want of a sufficient affidavit of defense.

*William C. Schwebel,* for appellant.

*John E. Sibble,* for appellee.

OPINION BY MORRISON, J., December 21, 1908:
The learned judge below, without filing an opinion or giving
reasons therefor, granted judgment against the defendant
for want of a sufficient affidavit of defense.   A careful con-
sideration of the declaration and the affidavit of defense leads
us all to the conclusion that the case should have gone to a
jury.   The account contains lumping charges for a large num-
ber of items with a total amount carried out, as for instance,
"6 bedstead and springs $21.60;" "8 mattress $18;" "3 stove
$16.50;" "5 bureau $20," and so on till a total footing is
reached of $212.70.

To bring this so-called book account within the affidavit
of defense law it seemed necessary, to the pleader, to aver as
follows: "The prices charged therein for said goods are the fair
market price for the same and are the same prices agreed upon
by the said plaintiff and defendant and the said prices are cor-
rect, just and reasonable."   But this averment must go for
naught because the affidavit of defense states that the defend-
ant has a full and legal defense to all of the plaintiff's claim of

the following character. The defendant then specifically denies that the goods mentioned in the plaintiff's claim were sold to her at her instance and request at the times and in the amount and for the prices specified therein, and says that no such contract was entered into by the defendant for the said goods or any part of them, and that the defendant is not in any way indebted to the plaintiff for any goods so alleged to have been delivered. The affidavit then avers a contract entered into by defendant with plaintiff whereby the latter agreed, for the consideration of $200, to be paid him by the defendant, to furnish eight rooms in her house completely with furniture, carpets, matting, bedding, fifteen wall pictures, stoves and other household articles necessary to make up a living room, so that the eight rooms in the house could be rented to as many small families for living purposes, said furniture, carpets, matting, bedding, pictures, stoves and other necessary articles to be second hand and in good condition, and the plaintiff also was to set up all this furniture and lay the carpets and matting; that the plaintiff did deliver some goods at the above-mentioned premises purporting to be under said contract, and refused upon demand to deliver the balance of the same for which he had contracted; that this balance which he so refused to deliver included one parlor suite, fifteen pictures, hall carpet, blankets and comforts for the beds, two stoves, two bureaus and one wash stand; that some of the furniture that was so delivered was unfit for use, was broken and ill fitting, which the deponent refused to accept; that deponent refused to accept the goods so delivered, first, because they were not in pursuance of the contract entered into by her with the plaintiff, and secondly, because they were in bad condition, and made tender of the goods to the plaintiff directing him to remove the same, and declared the contract to be at an end unless the plaintiff would deliver goods as he had originally contracted. The affidavit then denies the validity of the copy of the plaintiff's book of original entries and avers it to be incorrect and defective, and insufficient to maintain an action thereon and demands an inspection of the plaintiff's book of original entries at the trial.

We here have a specific denial of the purchase of the goods, amounting to $212.70, or any part thereof, on open book account as averred by the plaintiff. We next have the specific averment of a contract with the plaintiff to furnish eight rooms as stated in the affidavit of defense for the sum of $200, and if this is true, then the goods so furnished would not be the subject of a book account for goods sold and delivered at the special instance and request of the plaintiff, but, having complied with his contract, the plaintiff's remedy would be an action on the contract to recover $200 and no more. We then have the specific averment that the plaintiff failed to comply with his contract in a material and substantial manner and this would prevent his recovering the $200. We next have the notice given by defendant to the plaintiff that the goods delivered were not in accordance with the contract and the refusal to accept the same and a notice to the plaintiff to remove them from the house. This, in substance, was a rescission of the contract on the part of the defendant and assuming, as we must for present purposes, that the matters set up in the affidavit of defense are true, it was the duty of the plaintiff to either comply with his contract promptly or remove the goods. We do not think the defendant was bound to return the goods to the plaintiff under the facts averred in her affidavit.

It is not necessary to cite authorities to establish the familiar rule that the facts well stated in an affidavit of defense must be taken as true where summary judgment is demanded.

The first and second assignments of error are sustained and the judgment is reversed without prejudice, etc.