# White *v.* Miller, Appellant.

*Contract—Sale—Delivery of goods—Rescission.*

1. Where goods are sold under an agreement that they are to be delivered at the purchaser's residence, and if satisfactory to him on delivery, they are to be accepted and paid for at once, if not, they are to be taken away by the plaintiff, the purchaser may, if he finds the goods defective after delivery, immediately rescind the contract and demand that they be removed. He is under no obligation to remove the goods to a storage warehouse if they are not taken away by the seller.

2. In such a case where suit is brought for the contract price of the goods four days after the seller had been notified of the rescission, evidence that the purchaser had used some of the goods after the suit had been brought, is inadmissible.

3. The plaintiff cannot supply the want of a valid claim after the commencement of the action by the acquisition or accrual of one during the pendency of the action, nor can a plaintiff recover in a pending action on a cause of action which occurred after the institution of such action, even though such cause of action relate to the subject-matter of the pending action.

Argued April 20, 1910. Appeal, No. 52, April T., 1910, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth T., 1907, No. 709, on verdict for plain-

tiff in case of B. White v. Oliver Miller, Jr. Before
RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD,
BEAVER and PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before
SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior
Court.

At the trial the court gave binding instructions for
plaintiff.

Verdict and judgment for plaintiff for $334. Defend-
ant appealed.

*Error assigned* was in giving binding instructions for
plaintiff.

*Robert Woods Sutton,* with him *Watson & Freeman,* for
appellant.—As the place of delivery was the defendant's
residence, that would also be the place of rejection, and
defendant was not bound to return the goods to any
other place. It was the duty of the plaintiff to take them
away: Rohn v. Dennis, 109 Pa. 504; Schaefer v. Lange,
37 Pa. Superior Ct. 617.

Even a use of all of a consignment by the defendant
may be explained by evidence of actual nonacceptance,
and is not, as a matter of law, conclusive as to the ac-
ceptance: Youghiogheny Iron, etc., Co. v. Smith, 66 Pa.
340; Kahn v. Klabunde, 50 Wis. 235 (6 N. W. Repr. 888);
Springfield Engine Stop Co. v. Sharp, 184 Mass. 266 (68
N. E. Repr. 224); Sharer v. Dobbins, 195 Pa. 82; Dawes v.
Peebles, 6 Fed. Repr. 856.

The use of certain articles of a consignment is still less
conclusive evidence of an acceptance of the whole: Inman
Mfg. Co. v. American Cereal Co., 124 Iowa, 737 (100
N. W. Repr. 860); Cohen v. Pemberton, 53 Conn. 221
(2 Atl. Repr. 315); Holmes v. Gregg, 66 N. H. 621 (28
Atl. Repr. 17).

*Charles A. O'Brien,* for appellee.

OPINION BY ORLADY, J., July 20, 1910:

This action of assumpsit was brought to recover the value of certain household furniture that was delivered to the defendant under the following circumstances: The defendant, having been recently married, went with his wife to the plaintiff, who was a dealer in furniture, and after having been shown a number of articles by a salesman, was introduced to the plaintiff, who requested him to sign a written order for certain goods, and to pay a small sum on account of the intended purchase. This the defendant refused positively to do, but stated that if the proper furniture should be placed in his house in first-class condition, he would pay for all of it as soon as it was delivered.

On the following day (August 14, 1907) the furniture was delivered at the defendant's home inclosed in heavy burlap covering. The same evening when first opened certain faults and defects were noticed in a number of the articles. These objections were communicated to the plaintiff the next day who made some changes and substitutions to remedy the objections that were made; but the changes were not satisfactory to the defendant, and after several futile attempts to have the plaintiff retake the property, on August 24 he sent a telephone communication, and later in the day a letter, as follows: "Confirming telephone conversation of this A. M. beg to advise you that the furniture placed in my residence at 211 Grant Avenue, Bellevue, is defective, and the replaced articles are also defective, therefore being useless and unsatisfactory, I hereby notify you to remove the same." On August 26 he again notified the plaintiff in writing that the goods were at his home subject to his orders, and that payment was refused on account of the goods being defective and not as represented.

This suit was brought on August 30 to recover the value of the property, and on the trial a verdict for $334, was rendered by direction of the court in the plaintiff's favor for the reason that although it appeared the defendant had promptly notified the plaintiff that the goods were

not satisfactory, and demanded that they should be removed from his premises, yet they had been allowed to remain there and had been used by him, and by reason of his so keeping and using them, the only question that could be raised at the trial was the value of the goods, which was an issue not raised by the pleadings in the case. In this we think there was error. There was a conflict of testimony, but inasmuch as the court gave binding instructions to the jury for the plaintiff, we must assume that the jury might at least have found the contract between the parties to be as testified to by the defendant and his wife, to wit, that the goods were to be delivered at the defendant's residence, and if satisfactory to him, on delivery, they were to be accepted and paid for at once, if not, they were to be taken away by the plaintiff.

It is practically conceded that the place of delivery was the defendant's residence, and it would follow that that would be the place of rejection. The defendant was not bound to return them to any other place, and if his contention be the correct one, as soon as proper notice was received by the plaintiff of the rescission of the contract, it was then his duty to remove the goods: Rohn v. Dennis, 109 Pa. 504; Schaefer v. Lange, 37 Pa. Superior Ct. 617.

The testimony of the defendant and his wife is quite specific and positive that the goods were not only to be delivered at their residence, but on account of the controversy as to the kind and quality of the goods shown to them at the store, they reserved the right to pass upon the goods when delivered at their residence, and had been assured when the goods were selected that the articles should be satisfactory to them. This raised at least a question of fact which should have been submitted to the jury under proper instructions. The fact that the property was retained and used is not conclusive of an acceptance under the admitted and proved facts.

The unqualified rescission of the contract, and the plaintiff's refusal to accept the goods, did not impose any duty on the defendant to protect the plaintiff's property by

taking it to a storage warehouse. He denied having any title to it, and could not warehouse it as the property of the plaintiff, for the reason that the plaintiff insisted that there had been a complete delivery to the defendant: Estey Co. v. Dick, 41 Pa. Superior Ct. 610.

After a tender and refusal to take back goods, it is not the duty of the vendee to retain it and await the pleasure of the vendor. He may dispose of it or use it, and all that the vendor can in reason ask would be a credit for its actual market value: Iron & Coal Company v. Smith, 66 Pa. 340; Sharer v. Dobbins, 195 Pa. 82. At the time the contract was rescinded, and payment refused with a request that the goods be removed, no use had been made of the property, and but four days later this suit was instituted for the contract price, and no claim was made for recovery on a quantum meruit. The testimony as to the use of the property was confined to a few articles, and whatever cause of action the plaintiff may have under the undisputed testimony in this case, it arose after this suit had been brought: Roud v. Griffith, 11 S. & R. 130.

The plaintiff cannot supply the want of a valid claim after the commencement of the action by the acquisition or accrual of one during the pendency of the action, nor can a plaintiff recover in a pending action on a cause of action which occurred after the institution of such action, even though such cause of action relate to the subject-matter of the pending action. As was said in McLaughlin v. Parker, 3 S. & R. 144, "It is painful to reverse a judgment on a point which may be foreign to the merits, but when error stares us in the face, a reversal is unavoidable. If this action was really commenced before the debt was due, justice would require that it be dismissed, with costs to the defendant."

The testimony as to the making of the contract and the quality of the property being conflicting, the case should have been submitted to the jury.

The assignment of error is sustained. The judgment is reversed and a venire facias de novo awarded.