Statler, Appellant, *v.* United States Savings & Trust Company of Conemaugh.

Argued April 21, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Morton Meyers,* of *Graham, Yost & Meyers,* for appellee.

OPINION BY MR. JUSTICE LINN, May 17, 1937:

Mr. Statler, who made the oral argument in his own behalf, sued to recover the balance of deposits amounting to $630. They were time deposits subject to withdrawal on written notice. Judgment for the defendant was entered for want of a sufficient reply to new matter. The Superior Court affirmed.*

The facts are set forth in the opinion of the Superior Court and need not be repeated here.

As the depositor became a creditor of the bank by depositing his money, we deem it immaterial, in passing on this appeal, whether he gave oral notice on January 10th of intention to withdraw, as he stated in argument, or whether the notice was given on February 18th, as the appellee contends, and as the Superior Court concluded.

---

* 122 Pa. Superior Ct. 189, 186 A. 290.

We therefore assume in appellant's favor, though without deciding the point, that notice within the rule was given.

After being closed by the bank holiday of March 4, 1933, the bank opened on a restricted basis pursuant to the provisions of the Act of March 8, 1933, P. L. 9, 7 PS section 284 et seq., hereafter referred to as the Sordoni Act, and was therefore unable to pay the deposits owing to creditors, among them, the plaintiff. Section 1 empowers the Secretary of Banking to authorize any trust company under his supervision "(a) To extend, for such period as he deems necessary and expedient, payment of any time deposits where notice of withdrawal has been given or may hereafter be given; (b) To postpone the payment of demand deposits for such time and to such extent as he deems necessary and expedient." Sections 2, 3 and 4 dealt with the conditions under which such trust company might avail itself of the privileges granted by the statute.

Appellant, while saying that he "does not deny Def. bank operated under the Sordoni Act," makes a number of vague and general criticisms of alleged failure on the part of those entrusted with the management of the bank to comply with the statute, but none, so far as we can see, affects the judgment appealed from.

The appeal to this court was allowed to examine the constitutional objections made by appellant. He contends that the Act is void as an ex post facto law, and as impairing the obligation of a contract. Neither requires extended discussion. The Act is not a penal statute, and therefore, even though retroactive in operation, is not an ex post facto law: *Calder v. Bull*, 3 Dallas 386; *Myers v. Lohr*, 72 Pa. Superior Ct. 472, 474. Nor is it a law impairing the obligation of a contract within Article I, section 17, of our constitution. The Act deals with banks and trust companies subject to the jurisdiction of the Secretary of Banking; they are corporations that have always been considered and dealt with as a class

by themselves without conflicting with the constitutional prohibition against class or special legislation. It does not appear that there has been any discrimination against appellant in favor of any other creditor in the same class. In considering the possible scope of the power of the state over the business of banking, it was said in *Noble State Bank v. Haskell*, 219 U. S. 104, 113, "We cannot say that the public interests to which we have adverted, and others, are not sufficient to warrant the State in taking the whole business of banking under its control. On the contrary we are of opinion that it may go on from regulation to prohibition except upon such conditions as it may prescribe."

Appellant makes the same contention with regard to the Act of May 4, 1933, P. L. 271, 7 PS section 109 et seq., pursuant to which, the pleadings show, a reorganization of defendant trust company took place. We need not discuss this for two reasons: in the first place when the suit was brought the bank was operating under the Sordoni Act; the reorganization had not yet taken place; plaintiff could therefore recover nothing because payment was prohibited pursuant to action authorized by the Sordoni Act: see *White v. Miller*, 43 Pa. Superior Ct. 572, 576; *Summers v. Prudential Insurance Co.*, 319 Pa. 270, 273, 179 A. 78; *Columbia Nat. Bk. v. Dunn*, 207 Pa. 548, 56 A. 1087. In the second place appellant is not injured in a legal sense by the reorganization. In appellee's brief it is said: "If this appellant had been treated differently from any other depositor, he would have reason to complain. But he has not been treated differently. There is available for him at the new bank, the same as there was available for every other depositor, 20% of his deposits in cash, amounting to $126.67; and 10%, or $63.37, in the form of stock of the new bank. 70%, or $443.57, is withheld pending liquidation by the trustees. If the appellant does not want the stock in the amount of $63.37, the appellee hereby tenders him cash in that amount instead of the stock, in addition

to the 20% cash, amounting to $126.67, that he is otherwise entitled to."

The judgment is affirmed.