HYMAN SCHREIER et al., Appellants, v. WILLIAM SIEGEL, Respondent.*

First Department, October 30, 1942.

* Revg. 178 Misc. Rep. 711.

*Gerald Dickler* and *Joseph J. Hammer* for appellants.

*Edward M. Segal* and *Huldah Classen Segal* for respondent.

*Isaac W. Digges* **and** *Gilbert H. Weil* for Bissell Carpet Sweeper Company, *amicus curiæ.*

GLENNON, J. The plaintiffs, who operate licensed pharmacies, instituted this action to restrain the defendant, who is engaged in the same line of business in their immediate neighborhood, from selling certain merchandise at prices lower than those established by fair trade contracts made pursuant to the provisions of section 369-a of the General Business Law (Cons. Laws, ch. 20). An injunction *pendente lite* was sought at Special Term of the Supreme Court, New York County, and was denied.

Defendant admits that he sold about forty-five products of manufacturers at prices lower than those established under the fair trade contracts and raises as his sole, complete and entire defense to the appellants' application for an injunction, the Emergency Price Control Act of 1942, Public Law 421, 77th Congress of the United States (U. S. Code, tit. 50, Appendix § 901 et seq.), and the General Maximum Price Regulation Bulletin, Number 1, issued by the Price Administrator on April 28, 1942, and effective May 11, 1942.

According to the defendant, the aforesaid Emergency Price Control Act and the General Maximum Price Regulation Bulletin enjoin retailers from selling merchandise at a price higher than that obtained by retailers in the month of March, 1942. The defendant further argues that having sold at prices lower than those established by the fair trade contracts during the

month of March, 1942, he is bound by such prices and cannot raise his prices to the fair trade level.

It seems to us that the argument the defendant has advanced is unsound. Were we to hold that the position he has taken is proper, the result would be that he would be permitted to profit at the expense of the plaintiffs for the wrongs of which he was guilty in his failure to live up to the provisions of the fair trade contracts. We do not believe that it was ever the intention of the Congress of the United States, by legislative enactment to put its stamp of approval upon unfair trade practices by permitting violators of a state fair trade law to profit at the expense of those who in good faith complied with its provisions.

No one properly can question the validity of the Federal Law and the general maximum price regulation which applies. No one can question the right of the Price Administrator to compel this defendant to refrain from selling his commodities above the maximum prices which he received during the month of March, 1942. On the other hand, no one can compel the defendant to sell his merchandise to the general public. Since defendant saw fit during the month of March, 1942, and prior thereto, to violate the provisions of the General Business Law of this State, he must now suffer for his wrong doing and bad faith.

Possibly the Price Administrator may relieve the defendant of his difficulty if a proper application is made for an adjustment of the prices so as to conform to the spirit and letter of the law and the fair trade contracts. However, pending the granting of such an application, defendant should be restrained from selling the articles complained of at any price. Thus he will be safeguarded from prosecution at the hands of the Federal authorities for violating the United States Emergency Price Control Act of 1942. At the same time plaintiffs will be protected from unfair competition at his hands.

Under the circumstances, the order appealed from should be reversed with twenty dollars costs and disbursements, and the motion granted.

Martin, P. J., Townley, Cohn and Callahan, JJ., concur.

Order unanimously reversed with twenty dollars costs and disbursements and motion granted. Settle order on notice.