BISSELL CARPET SWEEPER COMPANY, Plaintiff, *v.* CHARLES W. BERG, Doing Business under the Name of STANDARD BRAND DISTRIBUTORS, Defendant.

Supreme Court, Special Term, New York County, May 24, 1943.

*Arthur J. Singer, Gilbert H. Weil* and *Isaac W. Digges* for plaintiff.

*Charles W. Berg,* defendant in person.

MILLER, J. Motion to strike out defenses. The first, third and fourth defenses are insufficient in law. The allegations therein that the sales complained of were made in conformity to the Fair Trade Law (General Business Law, § 369-a) are conclusions of law, unsupported by proper ultimate facts as their basis. The second defense that the sales were made to "paid employees and/or representatives and/or agents of the plaintiff," likewise does not state a defense under section 369-c of the General Business Law, cited by the defendant. While that section excludes from the operation of the Fair Trade Law "any contract or agreement between producers or between wholesalers or between retailers as to sale or resale prices," it does not sanction sales in violation of the Fair Trade Law by a retailer to his customers  The fifth defense, like the first, third and fourth defenses fails to allege facts showing that the sales complained of did not violate the Fair Trade Law. The defendant cannot excuse the violation of that law by invoking the subsequently enacted provisions of the United States Emergency Price Control Act of 1942.

(U. S. Code, tit. 50, Appendix, § 901 *et seq.; Schreier* v. *Siegel,* 265 App. Div. 36.) The sixth defense also is insufficient as the facts alleged do not constitute a complete bar to the action. Accordingly, the motion to strike out all defenses is granted, with leave to serve an amended answer within ten days from the service of a copy of this order, with notice of entry, upon payment of ten dollars costs within the same period. Order signed.