## SCHWARTZ v. TRAJER REALTY CORPORATION.

### STEINZOR v. SAME.

District Court, S. D. New York.
Jan. 5, 1944.

Nathan Tolk, of New York City, for plaintiffs.

Karl Propper, of New York City, for defendant.

CAFFEY, District Judge.

In essence the two cases are precisely alike. They involve only one question. That is, what is the meaning of Section 6(a) of the Rent Regulations for Housing prescribed by the OPA for the area which includes the Borough of the Bronx in New York City?

The defendant is the landlord of a building in the Bronx in which both plaintiffs have lived with their families. Their leases expired September 30, 1943; but they desired to continue occupancy of the space where previously they had lived and they are still there with their families. They have paid their rent, at the same rates as before their leases expired, or are willing to pay and have tendered it; but the landlord has refused any for October or November, 1943, or thereafter.

After the leases expired, and while holdovers, the landlord brought dispossess proceedings against both plaintiffs in the Municipal Court in the Borough of the Bronx. These took the regular course and resulted in final orders in favor of the landlord prior to November 1, 1943. But no warrant of eviction has issued in either case and the time for such issuance was postponed by order of the Municipal Court until November 16, 1943 (complaint, paragraph fourth).

Section 6(a) of the pertinent Rent Regulation went into effect November 1, 1943. The defendant insists that because the dispossess proceedings occurred in October, 1943 (resulting in final orders on October 29, 1943)—in other words, preceded the effective date of the rent regulation—the plaintiffs are not entitled to recover.

There is room for debate about the interpretation of Section 6(a). Yet I feel that the weight of argument is with the plaintiffs.

There are two standpoints from which to approach the matter and I shall take up both. One is as if the controversy were under the State law. The other is as if it were determinable by the Federal law.

I. According to the law of New York it is the issuance of the warrant, at the end of a dispossess proceeding, that terminates the relation of landlord and tenant. Tauszig v. Kantor, 115 Misc. 366, 188 N.Y.S. 92, 95; Civil Practice Act, secs. 1432 and 1434. Here up to November 16, 1943, no warrant had issued in either case. In the meantime as of November 1, 1943, by virtue of Section 13, the Rent Regulation applicable in the present action had gone into effect. In consequence, before a warrant had been issued under State law, and termination of the relation of landlord and tenant had thereby taken effect, a new law (consisting of the Federal Rent Regulation) had superseded the State law that deals with eviction of a tenant.

In other words, the Rent Regulation came into existence while the old landlord-tenant relation was still alive. In consequence, as I see it, the entire premise of the defendant's theory collapses.

II. What impresses me as of more significance, however, is that the Federal law is paramount. That is what now controls and has controlled ever since the Rent Regulation went into effect; ever since more than two weeks preceding the date to which the issuance of a warrant had been stayed by the Municipal Court.

The Federal law being superior and governing, and the tenant being still in possession when Section 6(a) came into being and having continued in possession to this date, it is immaterial when the warrant was issued or, indeed, whether a warrant ever issues. Unless this were true, the Federal law would not be paramount.

That the Federal law is paramount results from its adoption (in the form of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq., and the issuance of the Rent Regulation here involved pursuant to that statute) in the exercise of the war power defined in the Constitution of the United States. No State law can be recognized as nullifying, or even as impairing, the Federal law on the subject.

Without further discussion, I shall assume the supremacy of the Federal law in connection with the present problem.

III. The tenant (the plaintiff in each case) has continued to pay the rent since the expiration date of his lease or has done the equivalent; namely, he has offered it to the landlord who refused to accept it and has stood ready to pay it whenever the landlord will take it.

 Furthermore it is worth noting, that, within the regulation, such a person is a "tenant" as that word is defined in Section 13(a) (9) of the Rent Regulation. Cf. Lawrence v. Goodstein, 91 Misc. 19, 154 N.Y.Supp. 229, 231.

As to such a tenant, Section 6 (a) unequivocally provides that he shall not be removed from his housing accommodations by any one of three specified means "or otherwise." As I see it, this is tantamount to saying that such a tenant shall not be ousted by any means or on any account whatever. If the section were differently interpreted, the word "otherwise" would be robbed of its natural significance.

Again, the section provides that the tenant shall not be removed notwithstanding that he "has no lease or that his lease has expired or otherwise terminated, and regardless" of various other instruments or conditions. This clause directly fortifies the view I have taken. I feel that it would be difficult to frame a more comprehensive expression of the proposition that the tenant will be protected in the occupancy of his "housing accommodations" so long as he pays his rent.

Additional comment could be indulged in by way of analysis of Section 6(a), but I regard what has been said as enough to sustain the view that the plaintiff in each case has come within the protection of that section and, hence, cannot lawfully be removed from the premises he has occupied so long as the regulation, and the statute from which it arises,

continue in effect during the period of the present war.

IV. Judge Bondy has granted temporary stays and these should continue until the trial of the actions.

V. The defendant argues that an interpretation his way was issued by OPA. Even so, that does not bind the court; and, on independent consideration, although I cannot say with certainty what construction should be put on Section 6 (a), I am persuaded that the great weight of argument is that which I have adopted.

VI. The motions to dismiss the actions on the ground that they fail to state a claim on which relief can be granted are denied.

Settle an order in each case in compliance with the foregoing.