### LUBIN v. STREG, Inc.
Civil Action No. 3502.

District Court, E. D. New York.

Jan. 8, 1944.

Nathan Tolk, of New York City for plaintiff, for the motion.

Martin M. Alpert, of Jamaica, N. Y., for defendant, opposed.

CAMPBELL, District Judge.

This is a motion for an order enjoining and restraining the defendant, its agents, servants and employees and any Marshal of the City of New York, during the pendency of this action from dispossessing and excluding the plaintiff from possession of the premises now occupied by him at No. 84-42, 168th Street, Jamaica, L. I., and from doing anything whatever which will in any manner interfere with the possession of the said apartment at the premises mentioned by this plaintiff or his family.

On October 1, 1943, the plaintiff was in possession as tenant of the said apartment, and the defendant, as landlord, on a petition filed in the Municipal Court, secured a precept requiring the plaintiff, as tenant, to remove as a holdover.

On October 7, 1943, after trial, a final order in favor of the landlord was made, which final order found that the plaintiff, as tenant, was a holdover, and directed that possession of the apartment in question be given to the landlord on October 13, 1943, but, no warrant to remove the plaintiff, as tenant, was issued.

On October 13, 1943, a Justice of the Municipal Court stayed the issuance of the warrant, until November 1, 1943.

On November 1, 1943 the plaintiff, as tenant, obtained an order to show cause, returnable November 4, 1943, why a further stay should not be granted.

On November 4, 1943, a Justice of the Municipal Court granted a further stay, until November 30, 1943, and incorporated therein that as a condition of granting the further stay to November 30, 1943, that the Court will grant no further stay.

No warrant to remove the plaintiff, as tenant, was issued.

Section 6(a) of The Rent Regulation for Housing, which went into effect November 1, 1943, provides as follows:

"Section 6(a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding

that such tenant has no lease or that his lease or other rent agreement has expired or otherwise terminated, and regardless of any contract lease, agreement or other obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto."

The question here presented is, was the plaintiff a tenant of the apartment on November 1, 1943?

The answer to that question, insofar as the laws of the State provide, is found in Section 1434, Civil Practice Act, which provides as follows:

"§ 1434. When warrant cancels lease; exceptions. The issuing of a warrant for the removal of a tenant from demised premises cancels the agreement for the use of the premises, if any, under which the person removed held them, and annuls accordingly the relation of landlord and tenant, except that it does not prevent a landlord from recovering by action any sum of money which was at the time when the precept was issued payable by the terms of the agreement * * * as rent for the premises, or the reasonable value of the use and occupation thereof to the time when the warrant was issued, for any period of time with respect to which the agreements do not make any special provision for payment of rent."

No warrant having been issued before November 1, 1943, or in fact before the argument of this motion, the plaintiff was a tenant whether at will or sufferance on November 1, 1943, when Section 6(a), supra, became effective and that Section became effective as to the plaintiff, the tenant, and the defendant, the landlord.

The Federal Law is paramount, and under it no warrant for possession may now be legally issued.

If, as suggested, there be some question as to the interpretations issued by the O.P.A., which I do not concede, the answer is that while we will view those interpretations with respect, they are not binding authority upon the Court.

The motion is granted upon the giving by the plaintiff of security in the amount of $500. The plaintiff to comply with the requirements as to paying or depositing the rent as is required by the Regulation.

Settle order on notice.