In the Matter of CORNELL APARTMENTS CORP., Petitioner, against ESTELLE M. CORCORAN, as Clerk of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, Respondent.

Supreme Court, Special Term, New York County, April 10, 1944.

*Israel Bier* and *Ebben Schramm* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Samuel J. Krinn* of counsel), for respondent.

EDER, J. This proceeding is instituted under the provisions of article 78 of the Civil Practice Act; it involves purely a question of law; there is no dispute as to the facts.

The petitioner obtained a final order in a summary proceeding awarding it possession of an apartment. The tenancy of the occupant had expired on September 30, 1943; upon his refusal to vacate the premises, dispossess proceedings were commenced against him as a holdover occupant. The final order was made after a trial and such final order was entered on October 13, 1943; it was affirmed upon appeal. The warrant was to issue on November 29, 1943, by the terms of the decision awarding the final order. On March 9, 1944, the petitioner demanded the issuance of the warrant; the respondent court Clerk refused;

the refusal was based on the respondent's belief that by virtue of the provisions of subdivision (a) of section 6 of the Rent Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13914), promulgated by the Office of Price Administration, effective November 1, 1943, and the official interpretation thereof by said governmental agency, the issuance of a warrant after the said effective date of the regulation was prohibited, as long as the tenant continued to pay the rent to which the landlord was entitled. I understand that where the landlord has refused to accept the rent it has been paid into court.

The petitioner's position is that the respondent erred in taking such a stand; that subdivision (a) of section 6 is inapplicable to the situation here present and that the respondent's refusal to issue a warrant of eviction was an unauthorized and illegal act, and the relief sought is, in effect, an order of peremptory mandamus directing the respondent to issue such warrant.

It is noted that the respondent, by cross motion, seeks a dismissal of the petition and proceeding herein as being nonmaintainable as a matter of law, and in the event of a denial thereof, request is made that permission be granted to the respondent to interpose an answer to the petition; this request is denied since a question of law alone is involved and no triable issue is presented, the facts being undisputed.

Subdivision (a) of section 6 of the Regulation upon which the respondent relies is entitled " *Removal of tenant* — (a) *Restrictions on removal of tenant,*" and reads as follows (8 Fed. Reg. 13917): " So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless: * * *."

The Office of Price Administration's official interpretation of this provision (§ 6-I, " *Effect of Regulation on Pending Eviction Proceedings* ", Commerce Clearing House, War Law Service, Price Control, Vol. 4, ¶ 49,129.05) declares: " Where an action to evict is pending on the date the Regulation becomes

effective in a particular Defense-Rental Area, the provisions of Section 6 are applicable unless a court order has been entered prior to the effective date of the Regulation directing the tenant to surrender possession. If such an order has been entered, the court may use its ordinary processes for enforcement of such order and the landlord may request such processes. If no such order has been entered, the landlord may not further pursue his proceedings except in accordance with Section 6."

It is to be observed that there is nothing in the language of subdivision (a) of section 6, or in the official interpretation thereof, which evinces an intent that it shall be retroactive in its operation, or affect a status, right or remedy adjudicated or acquired prior to the effective date of the Regulation. To construe the language of the Regulation and the mentioned official interpretation in the manner contended for by the respondent, is to give it retroactive effect where none appears, and, as I view it, it is only by giving it retroactive effect that the act of the respondent can be justified.

The rules of statutory construction, which are properly applicable here, are well established and need no extended discussion. One of the firmly grounded rules of statutory construction is that a statute should not be given a retroactive operation unless its language expressly, or by necessary implication, requires it to be so construed (*Matter of Andersen,* 178 N. Y. 416); that it is always to be presumed that a law was intended to operate upon cases arising subsequent to its enactment (*People* v. *O'Brien et al.,* 111 N. Y. 1), and the law looks with disfavor upon retrospective operation. "Especially is a retroactive construction avoided where it causes the statute to infringe the constitution, or to work injustice, or to affect pre-existing rights or liabilities." (McKinney's Cons. Laws of N. Y., Book 1 [1916 ed.] § 17, p. 72.)

There is nothing whatever in the language of subdivision (a) of section 6 from which retroactive operation can be said to exist and the official interpretation thereof clearly indicates that it was not to have any such effect, for it is distinctly stated that where an action to evict is pending on the date the regulation becomes effective, that the provisions of section 6 are inapplicable if a "court order has been entered prior to the effective date of the regulation directing the tenant to surrender possession." The official interpretation further declares that "If such an order has been entered, the court may use its ordinary processes for enforcement of such order and the landlord may request such processes."

Where public officials are charged with the administration of particular laws or regulations, their construction with respect thereto, though not binding on the courts, will be given due weight (*Matter of Carns [Ralph]*, 181 Misc. 1047), and this is particularly so where their interpretation relates to and concerns their own rules and regulations.

Here, in language clear and wholly free from any ambiguity, it is stated in the official interpretation that section 6 has no application where a court order (as here) has been entered prior to the effective date of the regulation, and it is an interpretation that harmonizes with the general rule of statutory construction which favors a construction of prospective operation. Even if this were not the official interpretation, I should hold subdivision (a) of section 6 to be ineffective insofar as any retroactive operation or effect was sought to be claimed.

Thus, whether we apply to the situation at bar the rule of statutory construction against retroactive operation, or the doctrine of contemporaneous or executive construction (*Matter of Carns [Ralph]*, *supra*), the same result obtains, namely, that subdivision (a) of section 6 was not intended to be retroactive in operation or effect. To so construe this regulation as to hold that though the final order awarding possession to petitioner was entered prior to November 1, 1943, the effective date of the Regulation, yet it cannot be enforced by the warrant process, if the warrant was to issue on a day subsequent to such effective date, is to write and read something into the Regulation and into the official interpretation that is not there and which was plainly not so intended.

The position taken by the respondent is an erroneous and untenable one, and the petitioner is, in my opinion, clearly entitled to the relief sought. Accordingly, the petition is sustained and the application granted as prayed for and an order in the nature of peremptory mandamus is awarded to the petitioner commanding the respondent to forthwith issue a warrant of dispossess. No costs. Settle order.