BENEDICT S. KIMMELMAN, Plaintiff, *v.* SYLVIA TENENBAUM, Defendant.

Supreme Court, Special Term, Kings County, June 20, 1944.

*Aaron Maze* and *Joseph Timan* for plaintiff.

*Irving Barry* for defendant.

RUBENSTEIN, J. In this action for a declaratory judgment and for incidental relief by way of an injunction, the material facts are not in dispute. On October 1, 1942, plaintiff, as tenant, entered into possession of an apartment in defendant's premises at 4400 Bay 44th Street, this borough, under a written lease which was to expire on September 30, 1943. Prior to its termination, defendant submitted for plaintiff's approval a renewal lease which did not embody the same favorable terms and conditions contained in the original agreement and the latter refused to accept the same. Upon the expiration of the demised term, defendant instituted summary proceedings in the Municipal Court to remove plaintiff from possession as a holdover tenant and an answer was interposed by the plaintiff. On October 27, 1943, a hearing was had and a final order was granted awarding defendant possession of the premises, but the issuance of the warrant was stayed to January, 1944. Thereafter successive stays were obtained by plaintiff, one of which is now in effect, and by reason thereof no warrant has been issued. The rent has been paid to date without prejudice to the rights of the parties in this suit.

After the entry of the final order on October 27, 1943, and effective November 1, 1943, the Office of Price Administration, pursuant to powers vested in it by the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.,* enacted January 30, 1942), promulgated the Rent Regulation for Housing in the New York City Defense-Rental Area. (8 Fed. Reg. 13914.) The pertinent regulation follows: " Sec. 6. *Removal of tenant* — (a) *Restrictions on removal of tenant.* So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease agreement or obligation heretofore or

hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, * * *."

As a basis for the relief he seeks, plaintiff urges that since the warrant for his removal was not issued prior to the effective date of the regulation in question, he is still a tenant of the defendant and may not be evicted during the effectiveness of the same. Defendant, on the other hand, contends that the Regulation does not affect the final order and further that, in any event, such order is conclusive and a binding determination upon the parties.

If plaintiff is entitled to relief, this is the only forum to which he may apply therefor. He may not appeal from the final order, for it was entered upon his consent and the time within which to take such appeal has expired. Nor may he seek the aid of the United States District Court for the reason that the Second Circuit Court of Appeals has ruled that Federal courts lack jurisdiction of the subject matter (*Hock* v. *250 Northern Corp.*, 142 F. 2d 435). Shall this court then afford to him the protection of such regulation?

The applicable decisions are not harmonious upon that question. Although the *Hock* case (*supra*) has determined the jurisdictional issue involved, it has not invalidated former decisions on the subject by the District Courts on other grounds. The cases, therefore, both in this and the first department, which cite and follow the Federal decisions are entitled to receive and will be given earnest consideration.

In arriving at a determination upon these matters, it is necessary at the outset to decide whether the plaintiff was defendant's tenant on November 1, 1943. Of course if that relationship existed, plaintiff must prevail. In this connection it has been held that a lease is not canceled by the service of the precept or the making of the final order in summary proceedings. It is terminated only upon the issuance of the warrant. (Civ. Prac. Act, § 1434; *People ex rel. Rayland Realty Co., Inc.*, v. *Fagan*, 194 App. Div. 185, affd. 230 N. Y. 653; *Cornwell* v. *Sanford*, 222 N. Y. 248.) Hence plaintiff was a tenant at will or by sufferance on November 1, 1943, and entitled to the protection of the Regulation. (*Weiss* v. *Metropolitan Life Ins. Co.*, N. Y. L. J., March 24, 1944, p. 1159, col. 2; *Matter of Concord Estates, Inc.*, v. *Burke*, N. Y. L. J., Feb. 10, 1944, p. 555, col. 3; *Moriarity* v. *C. B. S. Construction Corp.*, N. Y. L. J., May 2, 1944, p. 1702, col. 4; *People ex rel. Rayland Realty Co., Inc.*, v. *Fagan, supra.*)

Moreover, the final order is not *res judicata* as between the

parties. The Regulation was not in issue and could not have been litigated in 'the summary proceedings, and such order is, therefore, not a binding adjudication with reference thereto. (*Unglish* v. *Marvin*, 128 N. Y. 380; *Cornwell* v. *Sanford, supra; People ex rel. Rayland Realty Co., Inc.*, v. *Fagan, supra*.)

In support of her contentions, defendant relies to a great extent upon the holding of the court in *Matter of Cornell Apartments Corp.* v. *Corcoran* (182 Misc. 660) but I regret that I' am unable to agree with the result reached by the court in that case. It seems to me that the case of *People ex rel. Rayland Realty Co., Inc.*, v. *Fagan* (*supra*) is decisive of the issues presented here. There the facts indicate that one Reines had been a tenant under a lease which expired on April 30, 1920, and that the landlord sometime subsequent thereto brought summary proceedings to dispossess him as a holdover tenant. On May 7, 1920, a final order was entered in the summary proceedings awarding the landlord possession, but the warrant was stayed until August 1, 1920, and on August 2nd a *stipulation* was entered into extending the stay to October 1, 1920. On *September 27, 1920*, the Emergency Rent Laws (L. 1920, ch. 942) were passed at a special session of the Legislature, and in pursuance thereof warrants were not to be issued for two years. Subsequently and on October 4, 1920, the landlord applied for a warrant, which the clerk of the court refused to issue. That refusal was sustained by the Court of Appeals. The facts in that case are practically identical with those in the case at bar, except that one involves a State law and the other a Federal Regulation which has the force of law. I am constrained, therefore, to find that plaintiff was defendant's tenant on November 1, 1943.

Defendant also places much emphasis upon the official interpretation of the Rent Regulation by the Office of Price Administration (Commerce Clearing House, War Law Service, Vol. 4, Price Control, ¶ 49,129.05) which reads:

" Interpretation 6–I. *Effect of Regulation on Pending Eviction Proceedings.* Where an action to evict is pending on the date the Regulation becomes effective in a particular Defense-Rental Area, the provisions of Section 6 are applicable unless a court order has been entered prior to the effective date of the Regulation directing the tenant to surrender possession. If such an order has been entered, the court may use its ordinary processes for enforcement of such order and the landlord may request such processes. If no such order has been entered, the landlord may not further pursue his proceedings except in accordance with Section 6."

While the foregoing interpretation is entitled to respectful consideration by this court (*Lubin* v. *Streg,* 56 F. Supp. 146; *Matter of Carnes* [*Ralph*], 181 Misc. 1047), it is not controlling where it clearly appears that it is in conflict with the settled law of this State.

I might point out that this finding merely delays defendant in exercising his right to have possession under the final order during the pendency of the national emergency declared to exist by the Emergency Price Control Act of 1942. In such an emergency it has been held that reasonable rent regulations are a proper exercise of police power and landlords may. be limited under such circumstances in the enjoyment and use of their property. (*Block* v. *Hirsh,* 256 U. S. 135; *Marcus Brown Co.* v. *Feldman,* 256 U. S. 170; *Levy Leasing Co.* v. *Siegel,* 258 U. S. 242; *Chastleton Corp.* v. *Sinclair,* 264 U. S. 543.)

I grant judgment to the plaintiff as prayed for and direct that he shall not be removed from the premises while he continues to pay rent. Submit judgment on notice. Costs are not allowed.