## Bloch v. Bartman

*H. Steerman,* for plaintiff.
*D. Furia,* for defendant.

SLOANE, J., October 21, 1946.—Petitioner, defendant, has judgment of eviction against him by his landlord, plaintiff. We are asked to strike the alias writ of hab. fa. issued on the judgment, and to stay the eviction proceedings.

The Office of Price Administration, under the Price Control Extension Act of 1946,[1] is the question, and as

---

[1] 79th Congress, 2nd session, chap. 671, pub. 548.

we see it we could give our judgment and dispose of the matter on the basis of one appellate case—Hangelias v. Dawson et al., 158 Pa. Superior Ct. 370—as to which we refer later. For the sake of comprehension, we make some elaboration.

June 30, 1946—The Emergency Price Control Act of 1942,[2] as amended, expired, and with it the O. P. A.

July 16, 1946—Plaintiff got judgment by amicable action and confession of judgment in ejectment. This was done and obtained without consultation and without authorization or approval of the O. P. A. and without submission to our rule 240 (8), of course, because there was no O. P. A.

July 17, 1946—There issued a writ of hab. fa. for possession.

July 23, 1946—Petitioner defendant ruled to open the judgment on the ground that he had paid rent for a period following the alleged notice to him to move.

July 25, 1946—O. P. A. was extended by Act of Congress, retroactive to June 30, 1946: Price Control Extension Act of 1946, 79th Congress, 2nd sess., chap. 671, pub. 548, 60 Stat. at L. 664.

August 7, 1946—The Court discharged petitioner's rule.

August 8, 1946—Plaintiff issued an alias writ of hab. fa. for possession.

August 12, 1946—Petitioner obtained the present rule, alleging, which is true and admitted, that plaintiff has not complied with the requirements and regulations of O. P. A. under the Emergency Price Control Act, as extended, and with our rule 240 (8).

These are the facts, chronologically. Following Hangelias v. Dawson et al., supra, we conclude that the issuance of the alias writ of hab. fa. for possession is

---

[2] Act of January 30, 1942, 56 Stat. at L. 23, as amended by the Act of June 30, 1944, 58 Stat. at L. 632, 50 U. S. C., App. §§901 et seq., and supplement.

the commencement of the eviction or removal proceeding. When that issued, O. P. A. and its regulations were again in effect,[3] and plaintiff could not proceed without compliance with O. P. A. regulations. Not having pursued that course, and thus not being able to comply with our rule, plaintiff should not be permitted to proceed until he so does. Our conclusion in this wise is regardless of the question of the retroactive feature of the extension act of Congress with regard to O. P. A.

Coming to that, plaintiff is in no better position. It is true that plaintiff got his judgment when there was no O. P. A. since the extension act was not passed until July 25, 1946, but there is provision, and specific provision, for having the act take effect as of June 30, 1946. And while retroactive application of a statute is not favored except upon the "clearest mandate" (Claridge Apartments Co. v. Commissioner of Internal Revenue, 323 U. S. 141, 164),[4] we can well take it that plain words pass the test and are the "clearest mandate", for the act says in so many words that it shall be construed and administered as if passed on June 30, 1946:

"Sec. 18. (1) The provisions of this Act shall take effect as of June 30, 1946, and (2) all regulations, orders, price schedules, and requirements under the Emergency Price Control Act of 1942, as amended

---

[3] At this date there can be no question of the constitutionality of the emergency price control legislation. See Yakus v. United States. 321 U. S. 414, and Bowles v. Willingham et al., 321 U. S. 503.

[4] Cf. Welch v. Henry et al., 305 U. S. 134; Addison et al. v. Holly Hill Fruit Products, Inc., 322 U. S. 607, 620. And in our State likewise, a statute may have a retroactive effect if the legislative intent to that end is unmistakable. See Statler v. U. S. Sav. & Tr. Co., 326 Pa. 247, 249, Farmers Nat. B. & T. Co. of Reading v. Berks Co. Real Estate Co. et al., 333 Pa. 390, Commonwealth v. Repplier Coal Co., 348 Pa. 372, 381. See Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 56, 46 PS §556.

(except regulations or requirements under section 2 (e) thereof relating to meat, flour, or coffee), and the Stabilization Act of 1942, as amended, which were in effect on June 30, 1946, shall be in effect in the same manner and to the same extent as if this Act had been enacted on June 30, 1946, . . ."

We speak specifically and to the case, for we do not pretend to give the act earlier life in all its aspects, e. g., criminally, or perhaps price fixing regulations as to sales before their promulgation. See Schreier et al. v. Siegel, 178 Misc. 711, 36 N. Y. S. (2d) 97, reversed on other grounds in 265 App. Div. 36, 37 N. Y. S. (2d) 624.

It is to be said that the original price control legislation (and the regulations thereunder) had a retroactive application; the original provisions applied to leases made before the passage of the Emergency Price Control Act of 1942. The retroactive effect of the renewal legislation, expressly provided for therein, should not be any the less than that of the original act. And the fact that plaintiff here had already commenced his action did not give him a vested right which could not be affected by the statute. The purpose of the act, and the whole idea being manifestly to safeguard to the fullest extent a tenant's right to continuing occupancy, evictions during the National housing emergency may be halted, and actions already commenced may be stayed. See Lubin v. Streg, Inc., 56 F. Supp. 146, Schwartz v. Trajer Realty Corp., 56 F. Supp. 930. Cf. Richardson v. Richardson, 309 Mich. 336. See note in 154 A. L. R. 1460-5.

Plaintiff also presses forward with res adjudicata. His counsel argues that the discharge of defendant's first rule makes the matter res adjudicata, and therefore not subject to further review. First, it is the law that a second petition to open a judgment based upon a new or additional ground may be entertained: H. Silberman & Co. v. Shuklansky et al., 172 Pa. 77;

Johnson v. Nippert, 286 Pa. 175; cf. Kappel v. Meth, 125 Pa. Superior Ct. 443, 449. On the first rule the court was asked to decide upon defendant's contention concerning payment of rentals after the alleged notice, and whether that was sufficient reason for opening the judgment. That was the premise of the rule, and the court's articulation concluded that premise. The court did not decide, and was not called to decide, the subsequently raised objection based on the passage of the Price Control Renewal Act. The renewal was passed on July 25, 1946, and the rule not discharged until August 7, 1946, so defendant did have a chance to come in with his additional reason before the first ruling. But defendant obtained his second rule on August 12th, and we do not think plaintiff can assert an unreasonable delay from July 25th when the act was passed. Besides, defendant was not unreasonable in awaiting the outcome of his first rule, for if this turned out in his favor there would be no necessity for the second rule. Defendant was entitled to raise the O. P. A. question, and exercised reasonable diligence in so doing.

Second, the court, in its disposition of the first rule, dealt with the judgment primarily, and not with the question of the eviction, or its stay. We do not deal with the judgment here; in fact, we are not asked to open it. We are not now concerned with the judgment; we are with the eviction. And we have the right and the power to control a judgment by controlling its execution. Keystone Bank of Spangler v. Booth, 334 Pa. 545, 548. That precisely is what we do here.

We enter the following

### Order

And now, October 21, 1946, defendant's petition is granted, and it is ordered and decreed that all proceedings under the alias writ of habere facias possessionem be restrained and enjoined; plaintiff is hereby

168

restrained and enjoined from taking any further action to evict defendant as his tenant of the third-floor apartment at 2207 North 33rd Street, Philadelphia, until plaintiff shall have complied with the pertinent provisions of the Price Control Extension Act of 1946, the appropriate regulations issued thereunder, and the rule of this court.