PEDRO BRANIZAR, Plaintiff and Appellee, *v.* TOMÁS MÉNDEZ, Defendant and Appellant.

No. 9689. Argued April 2, 1948.—Decided May 25, 1948.

F. M. *Susoni, Jr.,* and *Pablo Defendini* for appellant. *A. Reyes Delgado* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

The plaintiff filed a complaint wherein he alleged, in brief, that he owned an urban property, the second story of which he had leased to the defendant for a monthly rental of $25, subsequently reduced to $20; that the defendant agreed to occupy the leased house as a diligent father of a family and instead of so doing he has been causing deterioration in the same due to malicious acts which are specified in the complaint, and has used insulting means to prevent the plaintiff from exercising his ownership; that he needs to make indispensable repairs on the immovable, such as reroofing it by pouring therein a concrete slab, which cannot be done while the tenant occupies it; and prayed that the court declare the contract rescinded and order the surrender of the premises. The defendant answered and alleged, among other things, that the lower court lacked jurisdiction by reason of the amount involved, and on that ground the complaint was dismissed. Subsequently, the plaintiff requested leave to file

750

an amended complaint, which was filed with the consent of the defendant. In the amended pleading there are set forth virtually the same allegations contained in the original complaint, but there is also included a second cause of action, wherein damages in the sum of $1,000 are claimed, in consequence of the acts of the defendants as lessee. In his answer thereto, the defendant again challenged the jurisdiction of the court and further alleged that the amended complaint did not state facts sufficient to constitute a cause of action, and generally denied all the facts alleged. After a trial was held, the lower court rendered judgment declaring that the plaintiff was entitled to consider the contract of lease as terminated, that the defendant was bound to vacate the house involved in the lease, and it fixed a term of 20 days, after the expiration of the thirty days in which the judgment should become final, for the surrender of the premises. From that judgment the present appeal has been taken. The defendant first contends that the lower court erred in overruling the demurrers for lack of jurisdiction and for insufficiency of the complaint, and also in holding that an ordinary action for rescission or termination of the contract, with the consequent surrender of the possession of the premises, lay independently of an action of unlawful detainer. These three questions, being intimately connected with each other, are jointly argued by the appellant; and we will discuss them likewise in this opinion.

■■ The appellant maintains that the fact that the plaintiff consented to the filing of an amended complaint, after the original complaint had been dismissed, constituted no bar to his challenging the jurisdiction of the court or the sufficiency of the complaint.

Section 1446 of the Civil Code of Puerto Rico, 1930 ed., provides that "If the lessor or lessee should not comply with the obligations mentioned in the preceding Sections, *they may request the rescission of the contract and indemnity for losses and damages,* or only the latter, leaving the contract in force."

(Italics ours.) So that, under this provision, the rescission of the contract of lease may be demanded and damages recovered for its nonperformance. In the present case, the original complaint only prayed for the rescission of the contract of lease, and it was dismissed because the amount involved was not sufficient to confer jurisdiction on the court. However, afterwards, an amended complaint was filed, with the consent of the defendant, in which the plaintiff exercising the right granted by § 1446, *supra,* claimed damages in the amount of $1,000. This was sufficient for the court to acquire jurisdiction. There is nothing in the record to show that such claim was fraudulently made, with the sole purpose of giving jurisdiction to the court. *Benítez v. Benítez,* 64 P.R.R. 720; *Horace Waters & Co. v. Claboguera,* 42 P.R.R. 911.

■ As to the remaining portion of this assignment, the appellant argues that the allegations in an action of unlawful detainer cannot serve as a basis for an ordinary action for rescission or termination of a contract, and that in order that the eviction from the house involved in this litigation might be effected it was necessary to allege and prove that the pertinent requirements of the Federal Rent Act then in force were complied with.

The action herein was brought with a dual purpose, to wit: (1) the rescission of the contract of lease, and (2) as a consequence thereof, the eviction of the defendant from the house owned by the plaintiff. There is no doubt that, pursuant to the provisions of §§ 1445 and 1446 of the Civil Code, *supra,* an action, like the present one, may be instituted and the contract of lease rescinded for just cause. But in order to be entitled to demand and obtain the eviction of a tenant, as an incident of the action for rescission, it is necessary to comply with the Rent Acts in force. *Figueroa v. Rodríguez, ante,* p. 248, wherein a claim for accession was made.

■ The question for decision, therefore, is confined to a determination of whether or not the Rent Acts were complied with when the lower court ordered the eviction of the defendant.

The complaint in this case was filed on December 11, 1946. On this date the Federal Rent Act then in force [1] specifically prohibited local laws regarding rent control. *Latoni* v. *Municipal Court*, 67 P.R.R. 130. Said Act also authorized the administrator to fix maximum rents for dwelling houses and to restrict or prohibit eviction practices. Pursuant to the authority granted to him, the administrator issued regulations according to which, in order for a lessor to request and obtain the eviction of a tenant, he had to procure, among other things, a certificate of eviction and also had to give notice to the Federal area rent office and to the tenant. Therefore, if this case had been decided during that time, there is no doubt that the eviction of the defendant would not have been proper, because the Act and the regulations mentioned above were not complied with.

However, the judgment in this case was rendered on August 20, 1947, at which time the Emergency Price Control Act, insofar as rent control was concerned, had been succeeded by the Housing and Rent Act of 1947, which took effect on July 1 of that year. Pub. L. 129, 80th Congress, 1st Sess. Said Act deprived the administrator of all power to promulgate regulations in connection with evictions and also omitted the express provision contained in the former Act regarding local laws with respect to rents. Accordingly, in the case of *Avila* v. *District Court, ante,* p. 10, we stated:

". . . Consequently, in view of the absence of a specific prohibition in the Housing and Rent Act against a local rent control law, the insular Legislature after July 1, 1947, could enact a rent control statute which supplemented the Federal Act, provided our Act was not in substantial conflict with the Federal Act."

---

[1] The Emergency Price Control Act of 1942 was in force until June 30, 1947. 50 U.S.C.A., App. § 902.

As it may be seen, on August 20, 1947, the date on which judgment was rendered in this case, the plaintiff, to obtain the eviction of the defendant did not have to comply with the regulations promulgated by the administrator, but only with the aforesaid Federal Act and with Insular Act No. 464 (Laws of 1946), known as Reasonable Rents Act, and as to the latter only with such provisions as were not in conflict with the Federal Act. We have applied the Rent Acts in force at the time the judgment was rendered, because we consider that this was done—and properly so—by the lower court, even though the latter did not make express mention thereof, and because the plaintiff always has had a cause of action against the defendant, but could not exercise it before July 1, 1947, since he had not complied with the acts and regulations in force. But after that date he could sue pursuant to the Federal Act, which took effect on that date. In the case of *Cintrón* v. *Municipal Court*, 67 P.R.R. 743, we held:

"We find the answer to these arguments in *Fleming* v. *Rhodes*, 331 U.S. 100, 91 L. ed. 998. As the Emergency Price Control Act of 1942 as amended was not in effect between July 1 and July 25, 1946, some state judgments to evict tenants were obtained by landlords during this brief period without the certificates required by the Federal regulations. However, before some of these tenants were actually ousted, Congress on July 25, 1946 enacted the Price Control Extension Act which provided in §18 that it shall take effect as of June 30, 1946 and that all regulations issued under the Emergency Price Control Act of 1942 as amended shall be in effect in the same manner as if the 1946 Act had been approved on June 30, 1946. See *People* v. *Camacho, ante* p. 739.

"The Federal Administrator thereupon sought injunctions in Federal district courts to prevent evictions based on these state judgments. The provision of § 18 making the Federal Act effective as of June 30, 1946 was attacked by the defendant-landlords in these suits as unconstitutional if applied to their state judgments (1) because the state judgments were retroactively brought under the Extension Act and (2) because the vested rights created by the judgments could not be destroyed by subsequent legislation.

"In the *Fleming* case the Supreme Court upheld the right of the Administrator to seek such injunctions against these landlords. The court answered the two constitutional arguments by pointing out as to the first point that the restriction on evictions was in the future rather than retroactive. As to the second point concerning the alleged vested rights of the landlords in their judgments, the Court said in 91 L. ed. at 1002:

" 'It is immaterial whether the state judgments were obtained before or after the effective date of the Extension Act. The effort of the appellant is to enjoin future proceedings for eviction after the acquisition by the landlord appellees through valid judgments of what the district court characterized as 'vested rights.' Federal regulation of future action based upon rights previously acquired by the person regulated is not prohibited by the Constitution. So long as the Constitution authorizes the subsequently enacted legislation, the fact that its provisions limit or interfere with previously acquired rights does not condemn it. Immunity from federal regulation is not gained through forehanded contracts. Were it otherwise the paramount powers of Congress could be nullified by 'prophetic discernment.' The rights acquired by judgments have no different standing. The protection of housing accomodations in defense-areas through the price control acts may be accomplished by the appellant notwithstanding these prior judgments. . .'

"Like the 1946 Federal Act, Act No. 464 is prospective, not retroactive in character, and was properly applied here to prohibit future orders of eviction, and not to judgments already rendered. And as the *Fleming* case makes clear, a judgment—whether as a result of litigation or 'contract'—cannot operate to bar legislation regulating future action—i.e., evictions which have not yet taken place.''

Moreover, it has been held in other jurisdictions that, even when the lessor has obtained in a summary proceeding for eviction a final order to recover the possession of the property, if at the time the regulations promulgated by the Office of Price Administration took effect, he had not obtained the order of eviction, the tenant could continue in the possession of the premises under said regulations, because the Federal Rent Control Act was in force before the relationship of landlord and tenant had ended and, consequently, the local control in connection with evictions was in suspense.

*Schwartz* v. *Trajer Realty Corporation,* 56 F. Supp. 930; *Weise* v. *Metropolitan Life Ins. Co.,* 50 N.Y.S. (2d) 911; *Kimmelman* v. *Tenenbaum,* 50 N.Y.S. (2d) 912. *A contrario sensu,* if while the action of the landlord is pending, the Act is changed, and the restrictions which did not permit him to bring the action are eliminated, then he can also rely on the provisions of the new Act and request and obtain if there is a proper ground there for the eviction of the tenant.

The Housing and Rent Act established the restrictions of evictions and the grounds therefor and by its § 209(a)(4) permitted eviction where:

"the landlord seeks in good faith to recover possession of such housing accommodations for the immediate purpose of substantially altering, remodeling, or demolishing them and replacing them with new construction, and the altering or remodeling is reasonably necessary to protect and conserve the housing accomodations and cannot practically be done with the tenant in occupancy, and the landlord has obtained such approval as may be required by Federal, State, or local law for the alterations, remodeling, or any construction planned."

The plaintiff alleged and introduced evidence, which was accorded credit by the lower court, to the effect that it is necessary to repair the real property involved, since the same is in a condition which does not permit the dwelling to be properly used as such, because the zinc roof is in a very bad state of repair, and it is indispensable to pour a concrete slab; that the windows are in a very bad condition; and that said repairs can not be made while the defendant is occupying the house. In this connection the lower court said: "But weighing the evidence as a whole, and bearing in mind that the defendant did not testify or introduce any evidence, the conclusion is reached that it is true that the plaintiff really needs to repair his house . . . The repairs are such, that they make it imperative that the house be vacated in order to carry them out."

· This being so, the plaintiff under the provisions of § 209(a)(4), *supra,* is entitled to evict the defendant. There is nothing in the Insular Act No. 464 of 1946, *supra,* which would affect the conclusion we have reached in this case.

■ The lower court fixed a term of 20 days for the surrender of the house. We think that this is erroneous because, although neither the Federal Act nor the Insular Act for rent control fixes a term within which the eviction shall be effected in those cases in which the ground therefor is that it is desired to recover the possession in good faith in order to make repairs which render it indispensable that the premises be vacated, nevertheless, the Code of Civil Procedure of Puerto Rico 1933 ed., § 635, as amended by Act No. 170 of 1942, Laws of Puerto Rico, provides that:

"A judgment declaring that the action of unlawful detainer may be maintained shall order the ejectment of the defendant within the following periods, computed from the time the judgment becomes final:

"Forty (40) days, where a family residence or dwelling house is involved. Twenty (20) days in all other cases."

According to the foregoing provision, a term of less than 40 days could not be granted. The judgment must be modified in this respect.

Lastly, the defendant-appellant alleges that the judgment is against the weight of the evidence. We have made a careful study of the evidence introduced herein, and we find that it is sufficient to support the judgment.

The judgment will be modified to grant the defendant-appellant a term of 40 days to vacate the dwelling house involved in the action, and as thus modified the judgment is affirmed.

Mr. Justice De Jesús did not participate herein.