ROTABEL REALTY Co., INC., Landlord, *v.* NORMAN PARRIS, Tenant, and '' JOHN DOE '' et al., Undertenants.

Municipal Court of the City of New York, Borough of Manhattan, July 2, 1951.

*Vernal J. Williams* for tenant.

*Marion O. Jones* for landlord.

BOCCIA, J.  The tenant here moves to vacate and set aside a final order entered on April 23, 1951, in a holdover proceeding in favor of the landlord and against the tenant and to declare the said final order null and void.  Issuance of warrant was stayed to and including June 1, 1951.

On May 10, 1951, before issuance of any warrant pursuant to the aforesaid final order of April 23, 1951, the landlord obtained a final order against the tenant in a proceeding for nonpayment of rent. This final order of May 10, 1951, provided for judgment in favor of the landlord and against the tenant for rent in arrears in the sum of $115. Issuance of a warrant was stayed to and including May 15, 1951. Prior to May 15, 1951, before any warrant could issue pursuant to the last-mentioned final order the amount of $115 was paid.

The tenant contends that the final order entered on May 10, 1951, restored and re-established between the parties the relationship of landlord and tenant and thereby invalidated and rendered ineffective the final order which had been previously entered in the holdover proceeding on April 23, 1951.

The relationship between the parties of landlord and tenant had not ceased at the time of the making and entry of the final order of May 10, 1951, in the proceeding to evict this tenant for nonpayment of rent. (Civ. Prac. Act, § 1434, *Kimmelman* v. *Tenenbaum*, 182 Misc. 558; *Roseben Knitting Mills* v. *Great Atlantic & Pacific Tea Co.*, 104 N. Y. S. 2d 311; *Schwartz* v. *Trajer Realty Corp.*, 56 F. Supp. 930; *Lubin* v. *Streg, Inc.*, 56 F. Supp. 146.)

Clearly the landlord and tenant relationship not having ceased, it could not be restored or re-established. The final order entered on April 23, 1951, in the holdover proceeding remained valid and effective. (*Kimmelman* v. *Tenenbaum, supra; Schwartz* v. *Trajer Realty Corp., supra; Lubin* v. *Streg, supra.*)

The question of *res judicata* raised by the tenant is irrelevant. In any case it could not arise since the issues in the two proceedings were not the same. (*Kimmelman* v. *Tenenbaum, supra.*) Motion is denied.

Since the tenant has moved also for such other and further relief the warrant is stayed to and including June 30, 1951. The tenant is meanwhile required to pay the same amount which he paid as rent for use and occupation.