(165 App. Div. 685)

SEELY v. TIOGA COUNTY PATRONS' FIRE RELIEF ASS'N. (No. 315-41.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

INSURANCE (§ 350*)—CORPORATION—FORFEITURE FOR NONPAYMENT OF ASSESS-MENT—VALIDITY OF BY-LAW.

Insurance Law (Consol. Laws, c. 28) § 261, provides for the incorporation of county co-operative insurance corporations by incorporators owning real estate worth not less than $500. Section 266 authorizes insurance against fire or lightning for not less than three months or more than five years. Section 267 requires insured to agree to pay his pro rata share of all losses or damages. Section 268 provides for assessments to

meet corporate obligations. Section 269 provides for notice of assessments, the expense and cost of collection to be regulated by the by-laws. Section 270 authorizes an action to recover assessments made under the article or the by-laws, allowing the collection of an additional 50 per cent. of the assessment, with interest, as a penalty, and the exclusion of any member by vote of the directors according to the by-laws, canceling the member's policy. Section 276 provides that the corporation may make by-laws not inconsistent with law by a two-thirds vote of its directors. *Held* that, as the statute created new rights and gave a remedy for their violation or nonperformance, such remedy was exclusive, and that a by-law avoiding the policy for failure to pay an assessment at the end of 30 days, without action by the directors, was invalid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 892, 893; Dec. Dig. § 350.*]

Howard, J., dissenting.

Appeal from Trial Term, Tioga County.

Action by Seymour Seely against the Tioga County Patrons' Fire Relief Association. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Mead & Robinson, of Owego (Frank A. Bell, of Waverly, of counsel), for appellant.

Clark & Truman, of Owego (James S. Truman, of Owego, of counsel), for respondent.

WOODWARD, J. The scheme of town and county co-operative insurance corporations, it seems to me, forbids the making of the by-law under which it is claimed the plaintiff has forfeited his insurance. The incorporators must be persons owning real estate of not less than $500 in value, with an aggregate of $50,000 of value, and this property must be in contiguous towns or counties. Insurance Law, § 261. The corporation is authorized to issue policies signed by its officers "agreeing in the name of the corporation * * * to pay all damages not exceeding the amount insured, * * * by fire or lightning, during the time mentioned in the policy, which shall not be less than three months or more than five years" (section 266), and every "person insured in and by any such corporation shall give his undertaking, in such form as the corporation may prescribe, to pay his pro rata share to the corporation of all losses or damages sustained by any member thereof from any cause specified in the policy," which undertaking shall be filed by the secretary in the office of the corporation. Section 267. Section 268 provides for classification of risks, borrowing money, and making assessments for the purpose of raising funds for the discharge of the obligations of the corporation, and section 269 provides for giving notice of such assessments, and that the "expense and cost of collection of the assessment shall be regulated by the by-laws." Section 270, which appears to be substantially identical with the provisions of chapter 362 of the Laws of 1880, as amended by chapter 132 of the Laws of 1884, under which statute the defendant was organized, provides that:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

An "action may be brought by the corporation against any member thereof to recover all assessments which he may neglect or refuse to pay made upon him under the provisions of this article or the by-laws of the corporation. If the corporation is compelled to bring any such action in order to collect any such assessment, it may recover the amount so assessed with fifty per centum thereof to be added thereto in addition to lawful interest, as a penalty for such neglect and refusal to pay within the time required. Any member who neglects or refuses to pay his assessment, may for such reason, or for any other reason satisfactory to the directors or executive committee, be excluded by a majority of the directors or executive committee, as the by-laws may prescribe, from the corporation, and when thus excluded, the secretary shall cancel or withdraw his policy or policies which shall prevent him recovering for any loss or damage sustained after such exclusion. * * * The officers of every such corporation shall proceed to collect all assessments within thirty days after the expiration of the notice to pay the same, and neglect or refusal on their part to endeavor to collect such assessments or to perform any of the duties imposed by this article, shall render them liable individually for the amount lost to any person who loses by their neglect or refusal, and an action may be maintained by such person against such officers to collect such amount. If any member of the corporation shall be excluded therefrom as herein provided and the policy issued to him canceled, the secretary shall forthwith enter such cancellation and the date thereof on the record of policies kept in the office of the corporation and serve notice of such cancellation on the member so excluded either personally or by mail; * * * and from and after personal service of such notice, or five days after mailing such notice as herein required, such policy shall be canceled and all liability of the corporation by virtue thereof shall cease and determine; but the owner of the policy shall be entitled to the repayment of an equitable portion of all unearned money to which he has contributed."

It must be clear, from these excerpts from the statute, that it was not contemplated that membership in these local corporations, constituted of solvent real estate owners, was to be terminated by any mere failure on the part of the insured to pay his assessments promptly, and the act provided merely that:

Every "such corporation may make and enforce such by-laws not inconsistent with law for its regulation as may be prescribed by a vote of two-thirds of its directors at any meeting thereof." Section 276.

The contract in the case now under consideration was for a term of five years, and, in the absence of any by-law, it is entirely clear that the plaintiff could not have been deprived of his membership, and the benefits of his insurance, without the affirmative action of the board of directors, or of an executive committee, followed by the act of the secretary in giving the required notice. It is true, of course, that the plaintiff had not paid his assessments for a couple of years prior to the fire in October, 1912; but it must be presumed that he was solvent, and the corporation had a cause of action against him, not only for the amount of these assessments, but for interest and a penalty of 50 per cent., and, for all that appears, the corporation may have been entirely content with this security. Indeed, it appears from the evidence that it was content with this security, for its officers took no action to collect the same, nor did they elect to act under the provisions of section 270 and to terminate the policy. The plaintiff, a solvent citizen of the immediate community, owed the corporation a certain sum of money, which the corporation appears to have been willing he should owe, and which was subject to interest charges, and, at the option of the cor-

poration, to a penalty of 50 per cent. The corporation, under the law of its being, had a right by certain affirmative action to terminate the contract and to recover any sums which might be due to it, for it was provided that "such member shall remain liable for the payment of any assessment made prior to his exclusion and for the penalty above provided, in case an action has been or shall be brought against him therefor" (section 270), so that the corporation was at all times protected in its rights so long as the officers discharged their duties and attended to the collection of the assessments, while the individual members had a remedy against the officers if they failed in the discharge of their duties.

It is a familiar rule in the construction of statutes that where a new right is created, or a new duty imposed, by statute, if a remedy be given by the same statute for its violation or nonperformance, the remedy given is exclusive (City of Rochester v. Campbell, 123 N. Y. 405, 414, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760), and it seems to me that the application of this rule to the statute here under consideration precludes the possibility of a lawful by-law making a policy void for failure on the part of the insured to pay the amount of an assessment at the end of 30 days. The statute gave no such right. It particularly defined the conditions upon which the contract between the corporation and the assured should be terminated, clearly making it optional with the corporation whether it would rely upon its legal remedy or terminate the obligation by a compliance with the conditions of the statute. The corporation was, in effect, loaning money to the plaintiff at the legal rate of interest so long as it took no steps to terminate the contract. It elected to continue the contract in existence by not taking the steps prescribed by law for its termination, and the suggestion that this corporation, thus limited by the law of its creation, could enact a by-law which should arbitrarily terminate the relation at the end of 30 days, is to give to the creature a power superior to that of the creator—is to reverse the rule of law that the greater contains the less. Broom's Legal Maxims (8th Ed.) 174.

The case is not dependent at all upon the amendment of the Insurance Law (chapter 328 of the Laws of 1910) requiring certain provisions in the by-laws of corporations of this character, but hinges entirely upon the proposition that a by-law cannot contravene the provisions of the law creating the body which assumes to enact such by-law. The act under which the defendant was created, through its varying history, has always provided the conditions on which the corporation could terminate its contracts, and there has never been any power in the corporation to enact a by-law which could override the creative act.

The judgment appealed from should be reversed.

Judgment reversed, and new trial granted, with costs to appellant to abide event. All concur, except HOWARD, J., who dissents.