## HOCK v. 250 NORTHERN AVE. CORPORATION et al.
### No. 277.

Circuit Court of Appeals, Second Circuit.

April 17, 1944.

436

Nathan Tolk, of New York City, for appellant.

Joseph G. Abramson, of New York City (Louis G. Abrams, of New York City, of counsel), for appellee.

Harold J. Treanor, of New York City, amicus curiae for Real Estate Board of New York, Inc.

Hughes, Hubbard & Ewing, of New York City, amicus curiae for Metropolitan Fair Rent Committee.

Joseph Ratner, of New York City, amicus curiae for Mayor's Committee on Rents.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This is an action for a declaratory judgment, with a prayer for an injunction pendente lite and a permanent injunction after trial. The complaint sets forth the following facts: The appellee, a New York corporation, owns a building in New York City in which the appellant leased an apartment for himself and his family at a stipulated monthly rental for a term that expired September 30, 1943. At the expiration of the lease the tenant refused to give up possession of the apartment. He is still occupying the premises and is ready and willing to pay the monthly rental, but the landlord has refused to accept it. In October 1943 the landlord brought suit against the plaintiff in the Municipal Court of the City of New York and, after a trial, judgment was entered on October 25th awarding possession of the premises to the landlord; but the issuance of a dispossess warrant was stayed to October 28th. Thereafter on November 3rd a dispossess warrant was issued by the clerk of the Municipal Court to a marshal of the city and the marshal is threatening to evict the plaintiff. The complaint alleges that his eviction would violate section 6 of Rent Regulations for Housing in the New York City Defense Rental Area which were duly issued pursuant to the Emergency Price Control Act of 1942,

50 U.S.C.A.Appendix, § 901 et seq., and became effective on November 1, 1943. The marshal, the clerk and the Municipal Court judge as well as the landlord were made defendants to the plaintiff's action which was commenced on November 6, 1943 and prayed for a decree declaring the threatened eviction to be contrary to the said Rent Regulations and for temporary and permanent injunctions against enforcement of the Municipal Court judgment. Before answer the landlord moved for dismissal of the complaint for failure to state a claim. This motion was granted and the plaintiff has appealed.

Although the question of the jurisdiction of the district court has not been raised by the parties, this court must consider it of its own motion. Considering the action as one arising under the Constitution or laws of the United States, jurisdiction is lacking because the matter in controversy does not exceed the sum of $3,000. 28 U.S.C.A. § 41(1). Considered as a suit for a declaratory judgment it must fail for the same reason. Neustein v. Mitchell, 2 Cir., 130 F.2d 197. Turning to the provisions of the Emergency Price Control Act of 1942, we can find no provision conferring jurisdiction on the district courts over such an action as this. Section 205, 50 U.S.C.A.Appendix § 925, is the section dealing with jurisdiction. Subsection (c) provides:

"(c) The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act (section 904 of this Appendix), and, concurrently with State and Territorial Courts, of all other proceedings under section 205 of this Act (this section). * * *"

Non-criminal proceedings under section 205 are mentioned in sub-sections (a), (e) and (f) (2). Subsections (a) and (f) (2) contemplate suits by the Administrator. Had the O. P. A. administrator been the plaintiff in the present action, the district court would have had jurisdiction to enjoin an eviction in violation of the Rent Regulations. Henderson v. Fleckinger, 5 Cir., 136 F.2d 381; Brown v. Wright, 4 Cir., 137 F.2d 484; Bowles v. Willingham, 64 S.Ct. 641. Only subsection (e) provides for a suit by a private plaintiff. This reads

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity * * * may bring an

action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, * * *. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. * * * Any suit or action under this subsection may be brought in any court of competent jurisdiction, * * *."

Thus the only provision in section 205 conferring jurisdiction of a private civil action is limited to an action for sums paid in excess of the maximum rent or the maximum commodity prices allowed by the O. P. A. regulations. The present action is not of this character. Consequently the district court lacked jurisdiction, and dismissal should have gone on that ground rather than on the merits.

The judgment is modified so as to dismiss the complaint for lack of jurisdiction, and so modified is affirmed, with costs to the appellee.