### LAND v. BASS et al.
### No. 10893.

Circuit Court of Appeals, Fifth Circuit.

May 2, 1944.

Rehearing Denied May 25, 1944.

---

Claude L. Gray, of Orlando, Fla., for appellant.

Warren B. Parks, of Orlando, Fla., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

Floyd L. Land sought relief from an attempted eviction by his landlord, Ethel Rosenberg Bass, from the premises occupied by him and located in Orlando, Florida. Jurisdiction of the court was predicated upon the existence of questions arising under the Emergency Price Control Act of 1942 and amendments thereto, 50 U.S.C.A.Appendix § 901 et seq., and regulations of the Office of Price Administration issued pursuant to this Act. The relief sought was denied by the District Court and the complaint was dismissed. The plaintiff, Floyd L. Land, appealed.

On July 21, 1939, Floyd L. Land, under a written contract, rented from Ethel Rosenberg Bass property known as the Leon Hotel, located in Orlando, Florida, together with equipment and furnishings. The lease was for a term of two years from the 12th day of October 1939, with an option that tenant, upon giving landlord thirty days' notice, before the expiration of the lease, could lease the property for another year; that tenant did exercise his option and gave proper notice and continued to rent the property but no written lease was signed. A lease was prepared by the landlord for the third year, but tenant objected to the list of furnishings as enumerated in the lease and refused to sign it as written, but continued to occupy the hotel and pay the rent until October 12, 1942, making a total of three years in which the tenant had occupied the hotel property.

The landlord sought to gain possession of the property at the expiration of the rental period, October 12, 1942, but tenant declined to vacate and surrender possession, and remained in the hotel until September, 1943, when he wrote the landlord giving notice that he expected to hold the property from October 12, 1943, to October 11, 1944, under a purported lease, although no written lease had been signed except the one written on October 12, 1939 for a period of two years.

The landlord, after giving notice, sought to evict tenant from the property in the state court of Florida, and thereupon tenant brought this suit in the federal court, against his landlord, praying for specific performance of the unsigned lease of October 12, 1942; that landlord be required to execute and deliver to him a lease in the terms and provisions as contained in the lease for the rental year October 12, 1943 to October 11, 1944; that tenant be awarded treble damages for overpayment of registered rentals of $25 per month for the months of November 12, 1942, December 12, 1942, January 12, 1943, and February 12, 1943, aggregating $300, together with his reasonable attorney's fees and costs; and that landlord be restrained and enjoined from further attempts or proceedings in any court to cause tenant to be evicted from the premises.

Exhibits and sworn affidavits were submitted and introduced in support of tenant's bill of complaint. Letters from the

Area Rent Director were also introduced in evidence in support of the bill. An additional affidavit of tenant in support of his petition for temporary injunction was submitted in evidence.

It is without dispute that the hotel in question consisted of more than 25 rooms and was located in a building where stores were a part of the building.

The following letter, which was written from the Area Rent Director to counsel for the tenant, was introduced in support of the bill:

"Your letter of the 20th instant received together with a copy of letter your client, Mr. Floyd L. Land, has received from Mr. Warren B. Parks, Attorney for Mrs. Bass.

"Prior to supplemental amendment No. 15 to Maximum Rent Regulations, which went into effect on March 1, 1943, the entire structure or premises making up the rooms in the Leon Hotel came under Federal Rent Control. However, by reason of this amendment, entire structures or premises wherein more than 25 rooms are rented or offered for rent by any tenant thereof, are removed from the scope of Federal Rent Control, with the proviso that where there was an underlying lease entered into after October 1, 1941, and prior to November 1, 1942, such entire structures or premises would continue to be under Federal Rent Control while such lease 'remains in force with no power in the tenant to cancel or otherwise terminate the lease.'

"While I have not undertaken to adjudicate the question of whether or not there is such a lease according to the information submitted to us, in any event the renewal lease expired October 12, 1942, and, therefore, under the last clause above quoted, this structure would not be any longer under Federal Rent Control. For your more complete information as to this amendment, I am enclosing herewith a copy of same.

"You are correct that the Order entered by myself as Rent Director merely dismisses the Petition of the landlord for adjustment of rent in view of the amendment to the Regulations which removes the property from the scope of Federal Rent Control. In other words, the amendment to the Regulations is effective automatically without any Order of the Rent Director. The removal of the entire struc-

ture or premises from Federal Rent Control means that there are no restrictions whatever on the owner and the tenant about the amount of rent which may be charged so far as Rent Control is concerned. The premises operated by your client as a hotel, however, remains subject to Federal Rent Control, just as before.

"The Procedural Regulations do not provide for an application for review to be filed by a tenant in the case of a landlord's Petition."

The regulation which became effective March 1, 1943, the same being Amendment No. 15 to Maximum Rent Regulations, excluded from the scope and operation of Rent Regulations for the Orlando area rental agreements between the owner of a structure and the operating tenant who rents or offers for rent more than 25 rooms within the structure.

The cases of Henderson, Administrator, Office of Price Administration v. Fleckinger, 5 Cir., 136 F.2d 381, and Brown, Administrator, Office of Price Administration v. Wright, 4 Cir., 137 F.2d 484, are not in point here, since the facts in those cases are entirely different from the facts here. Moreover, the case of Myers v. H. L. Rust Company, 77 U.S.App.D. C. 218, 134 F.2d 417, has to do with a special District of Columbia Rental Act. The complaint here and the letters and affidavits introduced in support of the complaint show without dispute that the rent director was exercising no supervision over the hotel in question with reference to the rental contract or agreement between the landlord and the tenant. Moreover, the complaint shows that the tenant was retaining possession of the hotel at will and that his right to such possession terminated upon landlord's notice to him to vacate the premises.

The ruling of the court as to retention of the rental property by the tenant, and the order declining to issue a temporary injunction were correct. As to the treble damages, the court was in error. The issue of treble damages for excess rents prior to March 1, 1943, should have been tried on its merits, and the cause is remanded for that purpose only. The costs are taxed against plaintiff.

Affirmed in part, and reversed and remanded in part.