## In re SEITZ.

### No. M–977.

District Court, E. D. New York.

March 27, 1945.

Sam S. Seitz, in pro. per.

Jacob D. Goldzweig, of Brooklyn, N. Y., for Gladys Strickoff, appearing specially, in opposition.

John D. Masterton, Regional Litigation Atty., of New York City (Maurice R. Whitebook, Chief Atty., New York City Defense-Rental Area, of New York City, Jack Sobell, Chief Branch Atty., Brooklyn Office, New York City Defense-Rental Area, of Brooklyn, N. Y., and William Sardell, Litigation Atty., all of New York City, on the brief), for Administrator amicus curiæ.

MOSCOWITZ, District Judge.

Sam S. Seitz, an attorney, seeks an order of this Court holding invalid and staying the execution of an eviction order granted in the Municipal Court of the City of New York against him as tenant of premises 190 East 51st Street, Brooklyn. The application was brought on for hearing by an order to show cause containing a stay of the landlord, her attorney and the City Marshal from proceeding under the eviction order pending the determination of this Court. No action of any kind has been instituted here and consequently the landlord had not been served with a summons of this court.

Prior to June 27, 1944, summary proceedings were commenced in the Municipal Court of the City of New York to dispossess the tenant herein. The action was proper under the Rent Regulation for Housing promulgated by the Office of Price Administration because removal was sought on the ground that the tenant was committing a nuisance on the premises, Section 6(a) (3). On that day, the tenant, who is himself an attorney and who was represented by counsel on the hearing in the Municipal Court, stipulated to the granting of a final order against him on condition that a stay of execution for five months be granted to permit him to find other quarters. Presumably exercising the discretion vested in it by Section 1436-a of the Civil Practice Act, the Municipal Court granted the stay of execution for five months and, upon subsequent application by the tenant, extended the stay for an additional month and then for two months more thereafter.

It appears that the Municipal Court is not disposed to defer execution any longer and it would have no authority to do so in any event. Thereupon the tenant made application to have the original judgment

vacated on the ground that his stipulation is void under Section 1(d) of the Rent Regulation, which states that a tenant may not waive his rights to protection under the Regulation. This was denied by the Municipal Court and an appeal from that determination is presently pending before the Appellate Term of the Supreme Court. An application to the Appellate Term for a stay pending the decision of the appeal was denied by that tribunal. An action in equity to set aside the stipulation was commenced in the Supreme Court but an application for a stay of the eviction order pending the trial of the equity suit was denied there also.

It is not necessary to decide whether the purposes of rent regulation and of Section 1(d) would permit a tenant who is an attorney and who is represented by counsel to be relieved of a stipulation which he makes in open court and on condition that the court grant him favorable discretion. This court has no jurisdiction whatever of the application now before it for the reason that no action is pending in this court and, assuming such action to have been commenced, no jurisdiction would exist under authority of the principles adequately set forth in the case of Hock v. 250 Northern Avenue Corporation, 2 Cir., 1944, 142 F.2d 435, where the question was fully considered.

The application is denied for lack of jurisdiction and the temporary stay is vacated.

Settle order on one day notice.