Van Voorhis, J.
Appellant, acting as attorney for twenty-three plaintiffs, instituted an action in the Municipal Court of the City of New York to recover treble damages under subdivision (e) of section 205 of the Federal Emergency Price Control Act of 1942 for alleged overcharges in rent and for his legal fee. The main cause of action was settled under a stipulation whereby the landlord — respondent on this appeal — consented to the entry of judgment in favor of the plaintiffs in the Municipal Court for $800. No agreement was reached concerning the attorney’s fee except that it was to be arbitrated. The arbitrators brought in an award for $1,750 which has been vacated by the orders appealed from on the ground that the arbitrators included compensation for legal services rendered by the same attorney in other actions and proceedings.
Special Term correctly vacated the award upon the ground stated under section 1462, subd. 4, of the Civil Practice Act. If arbitrable at all, it would be a statutory arbitration of a controversy incidental to the subject of an action (Civ. Prac. Act, § 1448), i.e., an action based on the Emergency Price Control Act.
We are in accord with Justice Callahan’s opinion up to this point, but consider that the order appealed from should be upheld on the additional ground that the award is a nullity for the reason that the attorney’s fee could not become a subject for arbitration any more than could the claim for treble damages to which it was an adjunct. The right of both is created by the same statute which prescribes the exclusive remedy, viz., recovery of “ reasonable attorney’s fees and costs as determined by *330 the court Emergency Price Control Act of 1942, § 205, subd. [e]; TJ. S. Code, tit. 50, Appendix, § 925, subd. [e].) If the tenant is not in position to bring such an action, the Price Administrator is authorized to institute one on behalf of the United States. Actions, regardless of whether they are maintained by the tenant or by the Administrator, are to be brought “ in any court of competent jurisdiction.”
The arbitration article in the Civil Practice Act, which is a general statute, authorizes arbitration of any controversy which may be the subject of an action (§ 1448), but that is superseded by subdivision (e) of section 205 of the Emergency Price Control Act in the particular instances therein specified under the “ familiar rule in the construction of statutes that where a new right is created, or a new duty imposed by statute, if a remedy be given by the same statute for its violation or non-performance, the remedy given is exclusive ”. (Seely v. Tioga County Patrons Fire Relief Assn., 165 App. Div. 685, 689, citing City of Rochester v. Campbell, 123 N. Y. 405, 414.) In this case the reason for the application of this rule is especially clear. The Emergency Price Control Act was adopted from urgent reasons of public policy which the Congress did not intend to turn over to private arbitrators to administer. Likewise it appears to have been thought that the court in which such a suit has been pending is in the best position to appraise the value of the attorney’s services. The Supreme Court of the United States in Porter v. Warner Holding Co. (328 U. S. 395, 401) has recently said that subdivision (e) of section 205, “ provides an exclusive remedy .relative to damages. It establishes the sole means whereby individuals may assert their private right to damages and whereby the Administrator on behalf of the United States may seek damages in the nature of penalties.”
In order to apply this rule it was not found necessary to classify the private right of a tenant in such an action as a penalty. But it fortifies the conclusion reached that the same practice is specified-by subdivision (e) of section 205, in the case of purely penal actions by the Administrator on behalf of the United States as where suit is maintained by a tenant in his own interest. The same sentences in the Act supply the procedure in both instances, and it is impossible to give the same words a different construction according to whether the action is prosecuted by a tenant or the Administrator. The Congress could not have meant to entrust to arbitration a suit brought by a public officer in the interest of the whole community to redress *331 a public wrong in vindication of the public justice. The Administrator is limited to the prosecution of such suits in courts of competent jurisdiction, and the same restriction applies to private actions for treble damages, as the United States Supreme Court has indicated. It was not intended without express statutory authorization that arbitrators, who are private individuals, who are subject to selection by the parties themselves (Civ. Prac. Act, § 1452) and who are charged with the execution of no public trust, should determine these matters. Power to determine the attorney’s fee is incidental to the determination of the action, and can only be exercised in the forum which has jurisdiction thereof.
The orders appealed from should be affirmed, with $20 costs and disbursements to the respondent.