**LUFTMAN et al. v. ROSS et al.**

District Court, S. D. New York.
Jan. 12, 1948.

J. L. Nicoll and Leon London, both of New York City, for plaintiffs.

Ruth Ranson, of New York City, for Bing & Bing.

William Messing, Esq., of New York City, for Paul Ross and others.

Lord, Day & Lord, of New York City, for American Hotel Ass'n and Hotel Ass'n of New York City, Inc., amici curiae.

RIFKIND, District Judge.

This is an application by plaintiffs for a temporary injunction.

The action is brought by twelve tenants of unfurnished apartments in the Hotel Marcy, New York, and "on behalf of all other tenants of unfurnished apartments of the Hotel Marcy" similarly situated. Defendant, Bing & Bing, Inc., appears to be the landlord. Defendant, New York City Temporary Housing Rent Commission, is alleged to be an agency created by the City of New York.

The relief demanded is an injunction restraining the Commission from considering or granting an application of the landlord for an increase in the rentals payable by the plaintiffs and restraining the landlord from collecting and from bringing any action to enforce payment of rentals in excess of those prevailing on June 30, 1947; and a declaratory judgment.

The complaint is devoid of any specific allegation of jurisdiction; and although none of the parties challenges the court's jurisdiction, and, indeed, all are urging a decision on the merits, it is well settled law that, sua sponte, the court must examine that question.

Because it is in the public interest to have an early decision construing the statute here involved, I have searched for some basis of jurisdiction. I have discovered none.

The controversy revolves around the construction of the Housing and Ren-

Act of 1947, Public Law 129, 80th Congress, 50 U.S.C.A.Appendix, § 1881 et seq. That law, however, does not include in its scheme of enforcement the remedy of injunctive relief at the instance of a tenant. Only the Housing Expediter is, by the statute, authorized to apply for an injunction; § 206(b). Tenants are given a remedy by way of treble damage suits; § 205.

Under the legislation which preceded the Housing and Rent Control Act, Emergency Price Control Act of 1942, § 205, 50 U.S.C.A.Appendix, § 925, my search has uncovered no case wherein a tenant has successfully secured the benefits of rent control by injunction procured at his instance. The contrary has been held. Land v. Bass, 5 Cir., 1944, 142 F.2d 6; certiorari denied 1944, 323 U.S. 719, 65 S.Ct. 49, 89 L.Ed. 578; Hock v. 250 Northern Ave. Corporation, 2 Cir., 1944, 142 F.2d 435; In re Seitz, D.C., E.D.N.Y. 1945, 60 F.Supp. 462.[1]

█ If jurisdiction is sought under § 24 of the Judicial Code, 28 U.S.C.A. § 41(1), it fails. Assuming, but not deciding, that the remedies enumerated in the new Housing Act are not exclusive, it must appear in a suit brought under Paragraph First of § 24 that the amount in controversy exceeds the sum or value of $3,000. Since the Housing Act expires by its terms on February 29, 1948, it is highly improbable that any plaintiff can cure the defect in the complaint by amendment.

█ The contention that the threatened rent increases of all the plaintiffs may be aggregated is ill-founded. The plaintiffs in this action clearly assert *several* rights. That being the case, if this action is termed a class suit at all, it is of the spurious type, under Rule 23(a) (3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in effect, a permissive joinder statute. It is well settled law that the claims of such plaintiffs may not be aggregated to satisfy the jurisdictional requirement; 2 Moore's Federal Practice, Section 23.08; Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; and cases cited in Supplement to 2 Moore's Federal Practice, Section 23.08, note 1b.

A contention that the total benefit to defendant which would result from a rent increase measures the jurisdictional amount is equally unfounded. 1 Moore's Federal Practice, Section 8.05, p. 530 et seq.

Although an early decision on the merits of this action is desired by all parties, it is evident from the foregoing that the complaint must be dismissed for lack of jurisdiction.

---

[1] In the unreported case of Murray Cohen v. 178 St. Corporation, D.C., S.D. N.Y.1944,* [I dismissed such a complaint for lack of jurisdiction on two grounds: that the Emergency Price Control Act authorized only the Price Administrator to seek enforcement of that statute by injunction and that the requested relief was in conflict with § 265 of the Judicial Code, 28 U.S.C.A. § 379. The second ground has been held invalid in Porter v. Dicken, 1946, 328 U.S. 252, 66 S.Ct. 1094, 90 L.Ed. 1203.]

---

* No opinion for publication.