SPIELER et al. v. HAAS, Area Rent Director.

United States District Court
S. D. New York.
May 21, 1948.

836

Nathan S. Jaffe, of New York City, for plaintiff.

Sylvan D. Freeman, Chief of Rent Litigation Unit, of New York City, for defendant.

KNOX, District Judge.

This is an action by Irving Spieler, "tenant at the premises, 1635 Montgomery Avenue, New York City, and all other persons similarly situated," that is, tenants of the same building, against Albert J. Haas, Area Rent Director, Bronx Area Rent Office, Office of Rent Control. Plaintiffs seek to enjoin the award to the landlord of an increase in maximum rent, or at least to enjoin such award until a hearing is held.

■ Defendant's motion to dismiss for lack of jurisdiction must be upheld. As Judge Rifkind noted in Luftman v. Ross, D.C.S.D.N.Y.1948, 75 F.Supp. 627, 628: "Assuming, but not deciding, that the remedies enumerated in the new Housing Act are not exclusive, it must appear in a suit brought under Paragraph First of § 24 that the amount in controversy exceeds the sum or value of $3,000." There is no dispute but that under the Housing and Rent Act of 1947 as extended, 50 U.S.C.A. Appendix, § 1881 et seq., each of these tenant's claims is very small, and that the aggregate is below $3,000.

■ Plaintiffs seek to make out the jurisdictional sum in the following manner: They aggregate the individual claims, and then maintain that this sum, which is in the neighborhood of $2,000, must be multiplied three and one-half times because the rent increase will increase the value of the premises in that proportion.

While there has been some criticism of the rule as it is most frequently expressed (cf. 2 Moore's Federal Practice, p. 2205 and Note, 46 Col.L.Rev. 818), it is plain under the cases that these claims cannot be aggregated. Luftman v. Ross, supra; Koster v. Turchi, D.C.E.D.Pa.1948, 79 F. Supp. 268; Troy Bank v. Whitehead & Co., 1911, 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81; Pinel v. Pinel, 1916, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817; Title Guaranty & Surety Co. v. State of Idaho, 1916, 240 U.S. 136, 36 S.Ct. 345, 60 L.Ed. 566; Dobie, Federal Jurisdiction and Procedure (1928), p. 158; Georgia Power Co. v. Hudson, 4 Cir., 49 F.2d 66, 75 A.L.R. 1439.

■■ Moreover, plaintiffs cannot make out the jurisdictional amount by referring to the prospective capital gain of their landlord. While it has been said that the increased value of the property affected may provide a basis for jurisdiction, Smith v. Adams, 1889, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895, it was there suggested that the rule was limited to actions such as those to quiet title or remove a cloud therefrom. Although there is no reference to further litigation, I think the present contention comes within the rule that the collateral effects of a judgment cannot go to make up the jurisdictional amount. Healy v. Ratta, 1934, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Dobie, supra, p. 150. The result is reenforced when it is noted that the landlord is not a party to this action.

The other grounds upon which defendant urges dismissal need not be considered.

Motion granted.