## FOX et al. v. 34 HILLSIDE REALTY CORPORATION.

United States District Court
S. D. New York.
Aug. 11, 1948.

Wolf, Popper, Ross & Wolf, Paul L. Ross, and Barney Rosenstein, all of New York City, for plaintiffs.

Rapaport Brothers and Henry N. Rapaport, all of New York City, for defendant.

RYAN, District Judge.

This action is brought by tenants of an apartment house located at 34 Hillside

Avenue, New York City, of which defendant is landlord.

It appears that on April 26, 1948, the Housing Expediter upon application of defendant allowed it a 9½ per cent over-all increase on the monthly rental payable by each of the plaintiffs.

Plaintiffs ask for an injunction restraining defendant from collecting the increase granted or seeking any further increase in rents in excess of the maximum rents in effect on June 30, 1947, and demand a money judgment for damages pursuant to Section 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1895.

Defendant now moves for judgment on the pleadings under Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A., urging that the court lacks jurisdiction.

Plaintiffs urge that jurisdiction is conferred on this court by the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1881 et seq. and by the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202; that this is an action to enforce a penalty brought under 28 U.S.C.A. § 1355 and that the matter in controversy exceeds the sum of $3,000 exclusive of interests and costs and arises under the Constitution or laws of the United States.

Although the complaint alleges that the amount in controversy exceeds $3,000 the individual claim of each plaintiff falls far short of this sum. No tenant's rent was increased by more than $6.50 per month.

Plaintiffs may not aggregate their claims. When the demands of the numerous plaintiffs are separate and distinct, each must have a claim in the jurisdictional amount; only when plaintiffs unite to enforce a joint or common interest is aggregation permissible. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817. In Luftman v. Ross, S.D.N.Y., 1948, 75 F. Supp. 627, 628, at page 628, Judge Rifkind wrote:

"The contention that the threatened rent increases of all the plaintiffs may be aggregated is ill-founded. The plaintiffs in this action clearly assert several rights."

See also Hock v. 250 Northern Ave. Corporation, 2 Cir., 142 F.2d 435; Spieler v. Haas, 79 F.Supp. 835.

Nor is this an action for a penalty. Heitmuller v. Berkow, App.D.C., 1948, 165 F.2d 961.

The only right of action afforded by the Housing and Rent Act of 1947, as amended, to an individual tenant is a claim for relief for "recovery of damages by tenants," 50 U.S.C.A.Appendix, § 1895. The Act does not provide for the granting of any injunctive relief upon the application of a tenant. Since there has been no demand, acceptance or retention of any payment of rent in excess of the maximum amount prescribed by law the plaintiffs have no cause of action under Section 205, supra.

Considered as a suit for a declaratory judgment it must fail for the same reason. Neustein v. Mitchell, 2 Cir., 1942, 130 F.2d 197.

Motion to dismiss the complaint is granted.