**MILLER et al. v. WOODS et al.**
**No. 10764.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 25, 1950.

Decided Oct. 6, 1950.

Mr. Thomas E. Harris, Washington, D. C., for appellants. Mr. Mitchell J. Cooper, Washington, D. C., also entered an appearance for appellants.

Mr. Nathan Siegel, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., of the Bar of the Court of Appeals of New York, *pro hac vice,* by special leave of Court, with whom Mr. Benjamin Freidson, Washington, D. C., was on the brief, for appellee Tighe E. Woods, Housing Expediter.

Mr. Charles S. Rhyne, Washington, D. C., with whom Messrs. Eugene J. Bradley, William G. Van Meter, David Ellery Bamford and William F. Wetmore, Jr., all of Washington, D. C., were on the brief, for appellee City of Los Angeles.

Mr. G. G. Baumen, Los Angeles, Cal., of the Bar of the Supreme Court of California, *pro hac vice,* by special leave of Court, with whom Mr. Louis G. Caldwell, Washington, D. C., was on the brief, for appellees Mary Browning, Elbert D. Owen and Small Property Owners League. Mr. Chauncey P. Carter, Jr., Washington, D. C., also entered an appearance for appellees Mary Browning, Elbert D. Owen and Small Property Owners League.

Before WILBUR K. MILLER, PRETTYMAN and BAZELON, Circuit Judges.

PER CURIAM.

Certain tenants sued the Housing Expediter to enjoin him from terminating federal rent control in Los Angeles, which he threatened to do because he had received a resolution of the Council of that City that there no longer existed therein such a shortage in rental housing accommodations as to require rent control. The City of Los Angeles was permitted to intervene and moved to dismiss the complaint for lack of jurisdiction over the sub-

ject matter and for failure to state a claim upon which relief could be granted. We are asked to review the action of the district court in granting the motion and dismissing the complaint.

■ The jurisdictional amount was not shown to be present here. This is a spurious class action, Knowles v. War Damage Corporation, 1948, 83 U.S.App.D.C. 388, 171 F.2d 15, and the claims of the several plaintiffs cannot be aggregated to confer jurisdiction. See also Spieler v. Haas, D.C., 1948, 79 F.Supp. 835; Fox v. 34 Hillside Realty Corporation, D.C., 1948, 79 F. Supp. 832; Luftman v. Ross, D.C., 1948, 75 F.Supp. 627.

There was ample notice that the amount of damages was in issue. The complaint contained a general allegation that the matters in controversy exceeded $3,000. The intervenor-defendant City denied that allegation. The individual plaintiffs pleaded in the complaint damages in amounts of $3,500 or $5,000 each due to eviction. The intervenor-defendant City pleaded in answer that in respect to those allegations it was without sufficient information to form a belief. The plaintiffs also alleged generally that they would suffer great and irreparable damage, the exact and entire amount whereof it was impossible to determine. The intervenor-defendant City specifically denied that allegation, saying that it denied "that plaintiffs will suffer damage in any sum * * *." The intervenor-defendant owners answering denied allegations of damage "in the sum of $5,000.00 or any lesser sum, or any sum at all," and again "or that plaintiffs will suffer any damage in any sum whatsoever * * *." The plaintiffs filed affidavits showing the rent increases with which some plaintiffs were threatened (none of which totaled $3,000) and also tables showing average increases in rents (none of which totaled $3,000), and asserting damages in total by all tenants in Los Angeles considerably in excess of hundreds of thousands of dollars; and also in one instance asserting additional damage by reason of the necessity for storing much of that affiant's personal goods. Answering affidavits were filed. In that state of the record a motion to dismiss was made, specifically asserting lack of jurisdiction as a ground for dismissal.

■■ It is true that in injunction suits to protect property the value of the property, rather than the specific monetary damage threatened, may be the jurisdictional amount, but in the present case the complaints were laid in monetary damages, the complainants being tenants without leases and so without interest in the property itself.

Since the record does not show that the jurisdictional amount was involved, for that reason the complaint was properly dismissed, and we need not consider the other questions pressed upon us by the parties.

Affirmed.

BAZELON, Circuit Judge, (dissenting).

Plaintiffs alleged that the amount in controversy with respect to each of them exceeded $3,000. Although these allegations were denied by the answers, the factual issues thus raised were never resolved because the case went off on a motion to dismiss. It is clear beyond a doubt that the issue of jurisdictional amount was not considered in connection with that motion. That much was conceded by defendants' counsel during oral argument before us and is supported by a complete absence of reference to the question below at any time.

Of course, this court can raise the issue of its own jurisdiction over the subject matter at any time, *sua sponte*. But in order to *decide* the question, the court must have before it a record which clearly shows lack of jurisdictional amount and which contains no controverted factual issues. No such record is before us here. The allegations of the complaint do not on their face reveal an absence of the proper amount. They merely allege that the plaintiffs are threatened with either an increase in rental or with eviction and that each will sustain damages varying in amount from $3,500 to $5,000. Given such allegations, I can understand that this court might wish to look into the question of jurisdictional amount. But it is clear to me that no evidence directed to that issue is

in the record before us. Instead, the majority are looking to conflicting affidavits filed in support of and against the motion for preliminary injunction. Those affidavits sometimes controvert statements in affidavits submitted by three of the six named plaintiffs and sometimes make statements about matters not referred to in plaintiffs' affidavits.[1] Two other plaintiffs submitted no affidavits while their landlords did—so that the majority are apparently accepting the landlords' statements as true. With regard to one plaintiff, there are no affidavits contained in the record.

Conclusions have been reached here in connection with a factual matter which plaintiffs never knew was under scrutiny. If given the opportunity, it is conceivable that they may be able to satisfy the court that the peculiarities of their cases warrant the damages claimed by them. But since they never were given notice that jurisdictional amount was in issue, they never had the opportunity to introduce evidence bearing thereon. Such a procedure is manifestly unfair and hardly in accord with the desirable emphasis placed by current pleading theory on notice and opportunity to meet issues. Because I think plaintiffs have not had their day in court on the very issue considered determinative here, I would remand to the District Court for examination into the question of jurisdictional amount.

---

1. For present purposes, we are not referring to the seventh plaintiff, Maxwell Miller, who is suing on behalf of the Tenants' Council of Los Angeles, but who does not refer to any damage personal to him.